## CHARLES B. CAMP'S APPEAL FROM PROBATE.

A delivery to a donee of a savings bank book, containing entries of deposits to the credit of the donor, with the intention to give to the donee the deposits represented by the book, is a good delivery to constitute a complete gift of such deposits.

A delivery of a chose in action that would be sufficient to vest an equitable title in a purchaser, is a sufficient delivery to constitute a valid gift of such chose in action, without a transfer of the legal title.

And it seems that under the statute, (Gen. Statutes, tit. 1, sec. 64,) which provides that the assignee of any chose in action may sue upon it in his own name, a delivery of such a chose in action would vest in the donee a legal title.

APPEAL to the Superior Court from a decree of a probate court requiring the appellant to deliver up to the administrator of the estate of Nathan H. Camp, two savings bank books claimed to belong to the estate. The following facts were agreed upon and found by the Superior Court:—

Nathan H. Camp, the intestate, in February, 1866, let the appellant have some money, and requested him to collect more money of Hubert Platt, which Platt owed him, and to take the whole of the same and deposit $400 of it in a savings bank in Bridgeport, and also to pay his, said Nathan's, taxes. The appellant collected the money of Platt, put it with the money said Nathan had delivered to him, and went to Bridgeport and deposited $400 in the City Savings Bank of Bridgeport and took a depositor's book therefor in the name of said Nathan. He also paid his taxes out of the money, amounting to $36.25, and took the collector's receipt therefor. Soon after, in March, 1866, he carried the collector's receipt for the taxes to said Nathan, and paid him the balance of the money so received, and gave the said Nathan the bank book. The latter said, " All right, you did right, " and gave back the book to the appellant, and added, " Charles, you keep this book until I call for it, and if I never call for it it is yours, and that will pay you for your trouble." The appellant took the book and carried it home.

About the 22d day of February, 1867, the appellant met the said Nathan by appointment, in the village of New Milford, at the bank, and he handed to the appellant the sum of $800, and told him to deposit the money in the same way that he had done the other, and if he never called for it it was the appellant's. The appellant took the money and carried it to Bridgeport during the same month and deposited $400 in the Bridgeport Savings Bank and $400 in the People's Savings Bank and took depositor's books therefor, both in the name of said Nathan. Soon afterwards, in the month of March, 1867, the appellant carried all three of these deposit books to the said Nathan, who said to him, " Charles, I told you to keep these books and if I did not call for them they were to be yours." Said Nathan then took all the books and looked at them and said he. never should want them, and handed them back to the appellant, and said, " I give you these bank books ; you have assisted me in getting some

papers which you hold sealed up, and have helped me a great deal, and I shall do well by you." The appellant said, " If you intend to give me these books, I wish there was some one by." Nathan said it would make no difference, he had a right to do with his own property as he had a mind to, and added, " I give you these books; they are in your possession, and that is testimony enough." The appellant said he did not know but it was, but he had rather he would tell some one, and give him a writing as further evidence that he had given him the books. Nathan said he would tell some one, and appointed the succeeding election day in April to meet the appellant at New Milford and deliver him a writing as further evidence of the gift. The deposit books have been in the possession of the appellant ever since. The acts were not done in contemplation of the approach of death, and were intended to take immediate effect, whether said Nathan lived or died. Said Nathan died on the night of election day, 1867, aged over seventy years, having had paralysis and become incapable of doing any business for a week prior to his death. He was never married. Two brothers who survived him were his only heirs at law ; the said Charles B. being the only child of one, and the other brother having a family of six children. He left, at his death, property amounting to over fifteen thousand dollars above all indebtedness. No notice was given to either of the banks of the gifts of said books. No part of the deposits, or the accrued interest, has been drawn, nor have the books been written up, but they all remain as they were when first delivered to the appellant.

Upon these facts the case was reserved for the advice of this court.

*O. S. Seymour* and *Turrill*, with whom was *E. W. Seymour*, for the appellant, cited *Brown, Exr.*, v. *Brown*, 18 Conn., 410 ; *Grover* v. *Grover*, 24 Pick., 261 ; 1 Parsons' Cont., 192, 198, 443 ; *Whittle* v. *Skinner*, 23 Verm., 536 ; *Dunn* v. *Snell*, 15 Mass., 481 ; *Grangiac* v. *Arden*, 10 Johns., 293 ; *Harris* v. *Clark*, 3 Comst., 109 ; *Palmer* v. *Merrill*, 6 Cush., 286 ; *Phillips* v. *McGrew*, 13 Ala., 255 ; *Parish* v.

*Stone,* 14 Pick., 206 ; *Bates* v. *Kempton,* 7 Gray, 382 ; *Penfield* v. *Thayer,* 2 E. D. Smith, 305 ; *Allen* v. *Cowan,* 23 N. York, 502, 505 ; *Champney* v. *Blanchard,* 39 id., 111 ; *Allerton* v. *Lang,* 10 Bosw., 362.

*G. C. Woodruff* and *McMahon,* for the appellee.

The rule is that property does not pass unless the gift be by deed or instrument of gift, or by an actual delivery of the thing given. Roscoe's Dig., 606 ; *Irons* v. *Smallpiece,* 2 Barn. & Ald., 551 ; *Ward* v. *Turner,* 2 Vesey, 431 ; *Noble* v. *Smith,* 2 Johns., 52 ; *Cook* v. *Husted,* 12 id., 188 ; *Carpenter* v. *Dodge,* 20 Verm., 595. If it be a chose in action, incorporeal, not capable of delivery, the transfer must necessarily be in writing. The rule has been relaxed only in cases of *donatio causa mortis,* of such choses in action as are in themselves the foundation of an action. *Snellgrove* v. *Bailey,* 3 Atk., 214 ; *Brown* v. *Brown,* 18 Conn., 410 ; *Westerlo* v. *De Witt,* 36 N. York., 340. This, if a gift, was a gift *inter vivos.* As to such the rule remains unimpaired. *Brown* v. *Brown,* 18 Conn., 413. Again this gift was incomplete. The promised written assignment was never executed. The mere possession of the books was insufficient to enable the appellant to draw the money. A further act, such as an order, or its equivalent, a written assignment, was necessary. The court will not compel an administrator to lend his name to collect the money, because the gift was imperfect. *Dole* v. *Lincoln,* 31 Maine, 422, 429 ; *Harris* v. *Clark,* 2 Barb., 99 ; *Pennington* v. *Gittings,* 2 Gill & Johns., 208 ; 2 Kent Com., 438 ; *Howard* v. *Savings Bank,* 40 Verm., 597 ; *Hewitt* v. *Kaye,* Law Reps., 6 Eq. Cas., 198 ; *Ward* v. *Turner,* 2 Vesey, 431 ; *Cotteen* v. *Messing,* 1 Mad. Ch. R., 103.

CARPENTER, J. The facts agreed upon in this case indicate an unmistakeable intention on the part of Nathan H. Camp to give these bank books to the appellant. He attempted to carry that intention into immediate effect by delivering the books to the donee, but without any order for the pay-

ment of the money, or other writing indicative of such gift. It is not claimed that this is a donation *causa mortis*. The question is whether the transaction can operate as a gift *inter vivos*. A gift *inter vivos* is complete when there is an intention to give, accompanied by a delivery of the thing given, and an acceptance by the donee. There can be no doubt as to the intention to give, and the acceptance. The only question is, was there a legal delivery ?

Choses in action the title to which passes by delivery, may be the subject of a gift as well as any other species of property. The authorities pretty uniformly sustain this position. If, therefore, the statute, (Gen. Statutes, title 1, sec. 64,) authorizing the equitable assignee of a chose in action not negotiable to maintain an action at law thereon in his own name, is applicable to these bank books, and is to be regarded as vesting the legal title in the equitable owner, the case is clearly within that principle. · No reason occurs to us at present why these books should not be held to be within the operation of that statute. Nor is it easy to see why such assignee, when authorized to maintain an action at law upon such an instrument in his own name, should not be regarded as the legal owner for all purposes whatsoever.

But if we are wrong in this, still we should come to the same result. Whatever may be said or thought of the propriety of the law, it is well settled by the modern authorities that choses in action not negotiable, and negotiable paper not indorsed, may be the subject of a gift, and that a delivery which vests in the donee the equitable title is sufficient without a complete transfer of the legal title. In this respect a title by gift is not distinguishable from a title by purchase for a valuable consideration, and, when the claims of creditors do not interfere to affect its validity, such a title will be recognized and protected in the same manner and to the same extent as a title by sale. *Grover* v. *Grover*, 24 Pick., 261 ; *Parish* v. *Stone*, 14 Pick., 198 ; *Champney* v. *Blanchard*, 39 N. York, 111 ; *Penfield* v. *Thayer*, 2 E. D. Smith, 305. Other authorities might be cited but it is unnecessary. The last case cited is almost identical with this, and if law,— and

we see no reason why it is not,—it is conclusive. But this question was virtually determined by this court in *Brown, Exr.,* v. *Brown,* 18 Conn., 410. It is true that was a donation *causa mortis* ; but the principle involved is the same in both cases, as there is no difference in respect to the requisites of a delivery between the two classes of gifts. *Irons* v. *Smallpiece,* 2 Barn. & Ald., 551; *Carpenter* v. *Dodge,* 20 Verm., 595; *Sessions* v. *Moseley,* 4 Cush., 87 ; *Westerlo* v. *De Witt,* 36 N. York, 340.

For these reasons we are satisfied that the appellant had a good title to the property in question, and that the decree of the court of probate should be disaffirmed, and we so advise the Superior Court.

In this opinion the other judges concurred.