## MARIA GUINAN'S APPEAL FROM PROBATE.

Third Judicial District, New Haven, Jan. Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and PRENTICE, Js.

The delivery of a bank book by the owner to the donee, with the intent
that the latter should take the title to the money represented there-
in, is a sufficient delivery to constitute a valid gift of the money.

The appellee claimed title to a savings bank deposit of which she had
obtained possession as a gift. She had been appointed administra-
trix on the estate of the donor and had receipted for the deposit in
her name as administratrix. *Held*, notwithstanding this fact, that
she was not estopped to show that her appointment as administra-
trix was applied for and granted to enable her the more readily to
appropriate the bank deposit to her own personal use.

[Argued January 20th—decided February 8th, 1898.]

APPEAL· from an order and decree of the Court of Pro-
bate for the district of Waterbury accepting the final ad-
ministration account on the estate of Kate Healy, deceased,
taken to the Superior Court in New Haven County and
tried to the court, *Hall, J.;* facts found and judgment ren-
dered in favor of the appellee, and appeal by the appellant
for alleged errors in the rulings of the court. *No error.*

The Court of Probate in the district of Waterbury ap-
pointed Winifred Miller administratrix on the estate of Kate
Healy, who had died intestate in that district. On the 24th
day of April, 1897, pursuant to an order of notice by said
court to all persons in interest, and duly complied with, she
settled her administration account, which was accepted, al-
lowed and approved by the said court. From the order and
decree of that court approving and allowing the account,
Maria Guinan appealed to the Superior Court, and assigned
the following as her reasons of appeal:—

"1. Said Kate Healy, the decedent, was at the time of her
death the owner of certain jewelry, clothing, two trunks,
one satchel, and about $1,200 in cash which was deposited
in part in the Derby Savings Bank, at Derby, Conn., in part

in the Ansonia Savings Bank, at Ansonia, Conn., and in part in the Waterbury Savings Bank, at Waterbury, Conn. 2. After her appointment as administratrix on the estate of Kate Healy, said Winifred Miller did, as said administratrix, demand and receive said $1,200 from said banks. 3. Said Winifred Miller, administratrix as aforesaid, did neglect and refuse to make any account of said $1,200 as a part of the estate of said Kate Healy in said administration account, or charge herself with the same or any part thereof; but on the contrary did in said administration account represent said estate as without any assets whatsoever. 4. Said $1,200 was at the time of the death of said Kate Healy, and ever since has been and still is, a part of the estate of said · Kate Healy, and should have been included in said administration account and charged therein against said Winifred Miller as administratrix."

The appellee, the said Winifred Miller, for defense to these reasons of appeal, answered: " Paragraphs 1, 2, and 4 of the appellant's reasons of appeal are denied. Paragraph 3 of said reasons of appeal is admitted."

The Superior Court found the issue for the appellee, and rendered judgment that the said order and decree of the said Court of Probate be affirmed with costs. The appellant, Maria Guinan, now appeals to this court. The finding of facts is this: " 1. Kate Healy, of Waterbury, died intestate at Naugatuck, on the 4th of April, 1896, of pneumonia. 2. Unless upon the facts hereinafter stated, the $1,200 which at the time of her death was on deposit in her name in the Derby Savings Bank, the Ansonia Savings Bank, and the Waterbury Savings Bank, is to be regarded as a part of her estate, she left no estate, excepting a few articles of wearing apparel and personal property, of no value. 3. The said Kate Healy, who was unmarried, left surviving her a brother, residing in Massachusetts, a sister Maria Guinan, the appellant, wife of Patrick Guinan, of Shelton, a sister Winifred Miller, wife of Charles Miller, of Waterbury, and Thomas Bergen, of Ansonia, who is a child of a deceased sister. 4. Said Kate Healy had for many years worked as a servant

girl and the $1,200 was money she had saved from her earnings, and had deposited in said banks. 5. When out of employment or unable to work, she had made her home with her sister, Winifred Miller, for whom she had a greater affection than for her other relatives, and who for many years she had intended should have her money upon her death. She had so lived with her sister Winifred several years in all, without paying board. 6. Said Kate Healy at the time of her death was visiting a Mrs. Lavigne, for whom she had worked. She left the house of her sister, Mrs. Miller, at Waterbury, on Wednesday, April 1st, and died on the following Saturday. The physician who attended her at the house of Mrs. Lavigne on Wednesday, April 1st, found she had pneumonia, and on the following day Kate Healy caused her sister, Winifred Miller, to be sent for. 7. Mrs. Miller in company with a friend, Mrs. Caulfield, arrived Thursday evening, April 2d. While they were alone with Kate Healy in the room where she was sick in bed, Kate Healy took the three bank books in question from under her pillow and gave them to the said Winifred Miller; and also gave to her the keys of her trunks, which she took from a small satchel. 8. In giving these articles to Mrs. Miller, Kate Healy said: 'Those bank books I give to you, and the keys to my trunks. These are yours, and everything I got belongs to you. If anything happens to me I want you to have everything.' 9. I find that at the time of making said gifts to Mrs. Miller the said Kate Healy was in the expectation of immediate death, and that in making said gifts she intended that the same should take effect immediately, as absolute gifts of said bank books and of the said money in said savings banks. 10. Soon after the death of Kate Healy, Mrs. Miller with said bank books applied at said savings banks for the money credited upon said books, but was informed by the several cashiers that the money could only be paid to a duly appointed administrator or administratrix upon Kate Healy's estate; and one of said cashiers, to whom she had told the circumstance of said gift, advised her, as the proper way to get said money, to see the judge of probate and take out

letters of administration. 11. Mrs. Miller thereupon, on the 8th day of April, applied for letters of administration, and informed the judge of probate that said bank books had been given to her by her sister, and of all the circumstances. The judge of probate advised her to consult an attorney before taking out administration, and went with her to the office of the late D. F. Webster. After having laid all the facts before her said counsel, Mr. Webster, she was advised by him that the easiest way for her to get her money, without a lawsuit, was to apply to be herself appointed administratrix. 12. Acting upon such advice, and for the sole purpose of procuring for herself said money, which she was advised and believed belonged to her, she applied to be appointed, and on the 14th of said April was appointed administratrix of said estate, and gave bonds to the amount of $1,200. 13. Upon furnishing proof of her said appointment to said banks said moneys were paid over to Mrs. Miller, and she receipted for the same as such administratrix. 14. No appraisers were ever appointed on said estate, nor was any inventory ever filed. 15. On the 24th of April, 1897, said Winifred Miller filed her final account, in which she represented said estate consisted of no property. 16. Said account was accepted and approved by said Court of Probate. 17. Upon the trial of said case in this court, counsel for the appellant objected to the evidence offered by the appellee, of the declarations of the deceased Kate Healy made prior to said 2d of April, 1896, as to her intention to give said money to said Mrs. Miller. The court overruled the objection and admitted said evidence, and the appellant excepted to said ruling. 17½. Counsel for the appellant objected to proof of the conversation between the judge of probate and Mrs. Miller, referred to in section 11 of this finding. The court overruled the objections, and permitted proof of said conversation for the purpose of showing why the said Mrs. Miller was appointed administratrix, and why as administratrix she drew said moneys from the banks. The appellant duly excepted to said ruling. 18. Upon said facts the appellant claimed: (a) That there was no such expectation of death

upon the part of said Kate Healy as would render said gift of said savings bank books and said money valid as a gift *causa mortis;* and that said facts did not constitute a valid gift *inter vivos* of said money in said savings banks. (*b*) That upon the facts aforesaid the said Winifred Miller was estopped from setting up in herself any title to said bank books, or said moneys in said banks. (*c*) That the alleged gift was invalid, in that it was contrary to the testamentary laws of this State, being an attempt to dispose of all the estate of the deceased person by parol. The court held upon said facts that there was a valid gift of said bank books and said money in said banks, and that the said Winifred Miller was not estopped from setting up her title thereto in this action."

*V. Munger* and *Ernest L. Staples,* for the appellant.

Having made use of the Court of Probate for an illegal purpose, Mrs. Miller is now estopped from denying the capacity in which she acted in procuring the money. As between herself and the public, and especially as against these appellants, she must be judged by her acts, not her motives. 7 Amer. & Eng. Ency. of Law, 28; *Benjamin* v. *Gill,* 45 Geo. 110; 1 Per. Tr. § 260; Lew. Tr. 325; *Mariegault* v. *Deas,* 1 Bail. Ch. (S. Car.) 283; *Ruth* v. *Owens,* 2 Rand. (Va.) 507; *Attorney General* v. *Munro,* 2 DeG. & Sm. 163. The evidence offered by Mrs. Miller as to her statements and declarations to the judge of probate, was inadmissible. They were time-serving declarations made in her own interest in the absence of the heirs. It was not competent for Kate Healy to dispose of all her estate in the manner described. Thorn. Gifts & Adv. § 41; *Headley* v. *Kirby,* 18 Pa. St. 326; *Marshall* v. *Berry,* 13 Allen, 43.

*Edward F. Cole,* for the appellee.

The evidence offered by the appellee of the declaration of the deceased made prior to April 2, 1896 (the date of the gift), was relevant and material. *Meriden Sav. B.* v. *Wellington,* 64 Conn. 553. Evidence of the conversation between Mrs. Miller, the judge of probate and her lawyer, Mr. Web-

ster, in relation to taking *her* money out of the several banks, was competent to show why she was appointed administratrix, and why as said administratrix she drew the money from the banks as her own money and not as money belonging to Kate Healy's estate. *Northford Rivet Co.* v. *Blackman Mfg. Co.*, 44 Conn. 186. The act of the appellee in getting herself appointed administratrix, for the sole purpose of getting her own money, did not injure the appellant. Estoppels are odious and will not be applied except to promote the ends of justice. *Brown* v. *Wheeler*, 17 Conn. 346 ; *Mowry* v. *Hawkins*, 57 id. 454 ; 6 Wait, Act. & Def. 681, 682.

ANDREWS, C. J.    There are various reasons of appeal set down in the record.    There is, however, but one real question : Was there a valid gift of the money from Kate Healy to Winifred Miller, so that the money belonged to her, and not to the estate ?    The Superior Court decided that there was.

A gift is the transfer of property without consideration. It requires two things : a delivery of the possession of the property to the donee, and an intent that the title thereto shall pass immediately to him.    This is a gift *inter vivos.* In such a gift the donee takes an absolute, indefeasible title. A gift *causa mortis* differs from a gift *inter vivos*, in that the donee takes a present title liable to be divested on the recovery of the donor.    If the donor dies then the effect of the gift is the same as in the case of a gift *inter vivos.*

It will not be denied that the delivery of the bank books by Kate Healy to Winifred Miller, if the intent existed that Mrs. Miller should take the title to the money represented therein, would be a sufficient delivery to make a valid gift of the money.    *Camp's Appeal*, 36 Conn. 88; *Minor* v. *Rogers*, 40 id. 512; *Buckingham's Appeal*, 60 id. 143 : *Tillinghast* v. *Wheaton*, 8 R. I. 536 ; *Keniston* v. *Sceva*, 54 N. H. 24; *Ridden* v. *Thrall*, 125 N. Y. 572; *Alger* v. *North End Savings Bank*, 146 Mass. 418 ; *Cain* v. *Moon*, 2 Q. B. 283 (1896); *Basket* v. *Hassell*, 107 U. S. 602.

The appellant claims that Mrs. Miller is estopped to deny

that the money belonged to the estate of Kate Healy. The claim is, that having received the money as administratrix she cannot be allowed to set up a title to it herself. This claim really begs the question. Mrs. Miller insists that she did not receive the money as administratrix at all; that all the time she claimed to own it herself. The trial court sustained her claim. The fact that she gave receipts for the money, which she signed as administratrix, was a very strong circumstance against her claim, but it was not conclusive. It was for the trial judge to weigh.

All the evidence which was objected to we think was admissible, either to show the delivery of the bank books or the intent with which Kate Healy made the delivery to Mrs. Miller.

There is no error.

In this opinion the other judges concurred.