## Hattie L. Main's Appeal from Probate.

First Judicial District, Hartford, March Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The two requisites of a valid gift of personal property are a delivery of possession and an intent upon the part of the donor that the title shall at once pass to the donee.

A savings-bank depositor drew out the money standing to her credit and redeposited it in three separate amounts, taking three pass-books therefor, each of which was made out in the names of and payable to the depositor and to one of her three daughters. In doing this her actual intent, as found by the trial court, was not to make a present gift, but to keep control of the money during her lifetime and at her death have what was left of it go to her three daughters. *Held* that the transaction did not constitute an effective present gift to the daughters, but was an attempted testamentary disposition of the money and void because not made in legal form.

Had it been the intention of the mother that the respective sums should immediately vest in her and each of her daughters, jointly, the gift would not have failed because the donor retained possession of the bank-books. Her possession as a joint owner would have been regarded as the possession of the other joint owners.

If the amount charged by an administrator for his services is reasonable, the mere fact that it is in the form of a percentage of the value of the estate is not a sufficient reason for its disallowance.

An administration account contained a charge of $10.50 for traveling expenses. *Held* that its allowance by the court was not in violation of the rule requiring itemized or detailed statements.

Argued March 7th—decided April 17th, 1901.

APPEAL from an order and decree of the Court of Probate for the District of Enfield approving an administration account, taken to the Superior Court in Hartford County and tried to the court, *Robinson, J.;* facts found and judgment rendered reversing the action of the Court of Probate, and appeal by the administratrix for alleged errors in the rulings and findings of the court. *Error in part.*

This is an appeal by one of the four daughters of Sarah A. Goodrich, who died in November, 1898, from the order of the Court of Probate allowing the account of Martha A. Goodrich, another of said daughters, as administratrix upon her mother's estate. The principal reason of appeal is that the administratrix accounted for only one half of three deposits made by the intestate in the Dime Savings Bank of Norwich, in 1895, and amounting at the time of her death to $2,090. This sum was represented by three deposit books, in one of which was the entry: "In account with Miss Martha A. Goodrich and Mrs. Sarah A. Goodrich," "Payable to both." The others bore the same entry excepting that in one of them, in place of the name Martha A. Goodrich, was that of Mrs. Leona Goodrich Townson, another daughter of the deceased, and in the other that of another daughter, Mrs. Eliza Goodrich Smith. Other reasons of appeal were that the court allowed the item of $75.74 as the gross sum for the fees of the administratrix, appearing in the account as " Administration fees, 5 per cent, $75.74; " and also the sum of $10.50 as a payment for traveling expenses, without any specification of what said expenses were. The Superior Court sustained all said reasons of appeal and reversed the decree of the Court of Probate allowing said account.

Other material facts appear in the opinion.

*John R. Buck* and *William H. Leete*, for the appellant (the administratrix).

*Charles E. Perkins* and *J. Warren Johnson*, for the appellee (Hattie L. Main).

HALL, J.   The principal question in controversy is whether
the entire sum of $2,090, on deposit in the Dime Savings
Bank of Norwich, belongs to the estate of Sarah A. Goodrich,
or whether one half of it belongs to her three daughters
whose names appear, respectively, with that of their mother
in the three deposit books.   This money belonged to Sarah
A. Goodrich, and was on deposit in her name in said bank
on the 24th of September, 1895, and the title of said three
daughters to a part of said sum depends wholly upon the
question of whether there was a valid gift of it to them by
their mother.

The term " gift," which is more appropriately applied to
personal property, is the transfer of property without con-
sideration.   The two requisites of a valid gift are " a de-
livery of the possession of the property to the donee, and
an intent that the title thereto shall pass immediately to
him."   *Guinan's Appeal,* 70 Conn. 342, 347.   It is not neces-
sary that there should be a manual delivery of the thing
given, nor that it should be made to the donee in person;
nor is there any particular form or mode in which the trans-
fer must be made or by which the intention of the donor
must be expressed.   There may be a valid gift of money on
deposit in a savings-bank in the name of the donor, by a de-
livery of the deposit book to the donee, and without any
written order or assignment, as was held in the case of *Gui-
nan's Appeal, supra,* and as in *Camp's Appeal,* 36 Conn. 88;
or by a deposit of the money by the donor in his own name
as trustee of the donee, although the donor retains possession
of the deposit book and afterwards draws out the money, as
in *Minor* v. *Rogers,* 40 Conn. 512, or, as in the case of *Kerri-
gan* v. *Rautigan,* 43 Conn. 17, where the donor deposited the
money in the name of the donee and her guardian, but re-
tained possession of the bank-book and afterwards caused the
guardian to transfer the money back to her and took out a
book for it in her own name ; or, as in *Buckingham's Appeal,*
60 Conn. 143, in which case it appeared that the donor
caused a sum to be transferred from her own bank-account
to each of her three nieces, and informed the teller of the

bank that she wanted the entries so made that the money would belong to her three nieces, but so that they could not draw it out during her life, and the teller made out and delivered to the donor, who afterwards retained possession of them, three bank-books in the names of said nieces, with this indorsement upon each : " Only Mrs. Irene Clark [the donor] has power to draw," and also caused to be entered in a book containing the signatures of depositors the signature of each of said nieces opposite the numbers of their respective bank-books, and under each of their names, and enclosed with them by brackets the name of Mrs. Clark, to which was added the word " trustee," and " Mrs. Clark only to draw."

In the case of *Burton* v. *Bridgeport Savings Bank*, 52 Conn. 398, the facts were that Alden Burton left two savings-bank books, to which he had had access during his life, with the treasurer of the savings-bank, the deposits credited upon which books were made by said Alden Burton from his own funds. One of the books was in his own name, with an order therein, signed by him and witnessed by the bank treasurer, to pay the amount due upon the deposit book to James Burton, his son. The other book was in the name of " James Burton, order of Alden Burton," with an order therein, signed by Alden Burton, to pay at his decease the amount due upon the book to James Burton. These books were in an envelope upon which was written: " Deliver this to James Burton after my decease, with all the books." In the action by James Burton to recover these deposits after his father's death, this court, in holding that a gift was not proved, said that the particular distinction between the cases of *Minor* v. *Rogers* and *Kerrigan* v. *Rautigan*, and the case before them, was that in the former the fact was found that the donor intended a present gift, while in the case under consideration no such fact was found. The court said: " It is not found in express terms, and the facts stated as matter of law do not show such an intention. The fact that a part of the deposits were made in the plaintiff's name affords the strongest evidence of an intention to make a gift; but that does not necessarily show an intention to make a present gift."

In the cases above cited in which the gift was sustained, it was found that the donor intended a present gift, and these cases all serve to show that the fact that upon the books of the bank and upon the pass-books the deposit stands in the name of the donor without any written assignment or order to pay to the donee, is not conclusive upon the question of whether there has been a perfected gift to the one to whom the deposit book has been delivered; and that the fact that the depositor caused the deposit to be entered upon the bank-books in the name of the claimed donee, and that he signed a written order for its payment to such donee, does not *per se* constitute a gift, when the depositor retains possession of the bank-book; but that the controlling fact in such cases is the real intention of the parties as gathered from all the circumstances.

As to the proof required to show an executed gift, " in general, it should be observed that the actual intention of the parties to the transaction is the main issue; and that whatever in the surrounding circumstances tends to throw light upon this intention should not be disregarded." 2 Schouler on Pers. Prop. (3d ed.) §§ 93–101. The following are some of the many decisions in other States to the effect that the actual intent of the parties is a controlling fact in deciding whether, in cases of the character before us, there has been a perfected gift. *Beaver* v. *Beaver*, 117 N. Y. 421; *Matter of Bolin*, 136 id. 177; *Schollmier* v. *Schoendelen*, 78 Iowa, 426; *Whitehead* v. *Smith*, 19 R. I. 135; *Woonsocket Inst. for Savings* v. *Heffernan*, 20 id. 308; *Gerrish* v. *New Bedford Inst. for Savings*, 128 Mass. 159; *Ide* v. *Pierce*, 134 Mass. 260; *Booth* v. *Bristol County Savings Bank*, 162 Mass. 455; *Augusta Savings Bank* v. *Fogg*, 82 Me. 538; *Schick* v. *Grote*, 42 N. J. Eq. 352; *Whalen* v. *Milholland*, 89 Md. 199.

In the present case the court has found that in making the transfer as it was made no present gift was intended by the decedent, and that she " did not intend during her life to part with her control over this money, or her interest in it, or any portion of it," and that at the time of the transfer she " desired and intended to keep control of the

whole of it while she lived, and if any of it was left she wanted it to go after her death to the three daughters before mentioned;" and the trial judge further says in his finding: "I do not find that she ever altered her intention to keep such control over this money."

With the evidence of the bank-books and the entries therein before it, indicating an intention on the part of Mrs. Goodrich to make a present gift of an interest in this money to her daughters, the court has found, in effect, that the transfer was not made for that purpose, but was made in the form and language stated, with the intention that the control of all the money should be retained by Mrs. Goodrich, and that until her death her daughters should take no interest in it.

The finding states that in September, 1895, the deceased gave to her son-in-law, Josiah H. Smith, a written order, payable to him, for the money then on deposit in her own name, and also her bank-book, and instructed him that she wished to have it redeposited in certain proportions named by her; that she wished to retain control of it, and that "when she was through with it" she wished it to "revert to her three daughters," and "to go to them at her death and so that they could then draw the money represented by those three deposit books," and that she desired that it should be so expressly stated in the deposit books. Smith went to the bank and presented the order and book and informed the officers of the bank what Mrs. Goodrich desired, and requested them to so arrange the deposit. He was told by the bank officers that the entries could not be made in the deposit book in the specific language requested by Mrs. Goodrich, but that "if they put the money in the names of both mother and daughter, as they in fact did place it, it would have the effect that Mrs. Goodrich desired. Mr. Smith believed this," and each of the three books was made out in account with one of the three daughters and her mother, "payable to both" and he returned them to Mrs. Goodrich and told her that it was done as she desired. Mrs. Goodrich retained possession of the books, except as they were entrusted to her daughters for safekeeping or to have the interest added, and excepting as

interest was added the deposits remained unchanged until Mrs. Goodrich's death in 1898.

· As the three bank-books were in Mrs. Goodrich's possession for some years after these deposits were made, we may assume that she knew and approved of the form in which they were made; but the facts still remain, that neither she nor her agent Smith consented that the deposits should be so made with the understanding that any present interest in the money would vest in the daughters. Both she and Smith, who, we must assume, honestly endeavored to carry out her purpose, intended that the deposits should be made in such a way that the daughters would take no interest until their mother's death. That this was the purpose of the transfer was understood by all the parties, including the bank officers, and it does not appear that the daughters themselves supposed that it was made for a different purpose. If it had been the intention of Mrs. Goodrich in making these deposits that a joint interest with herself in the money should immediately vest in her daughters, the gift would not have failed because she retained possession of the bank-books. Her possession as a joint owner would have been regarded as the possession of the other joint owners. *McElroy* v. *National Savings Bank*, 8 N. Y. App. Div. 192; *Sanford* v. *Sanford*, 45 N. Y. 723. But as the entries and transfer in question were made only for the accomplishment of the purpose expressed by the decedent to her agent Smith, and by him to the officers of the bank, and as it was the intention of all the parties that that was to be the only effect of the transfer as made, there was no effective gift to the daughters. It was an attempted testamentary disposition of the money, and was void because not made in legal form.

As the answers of the witness Martha A. Goodrich to certain questions admitted upon cross-examination against the objection of her counsel, could not have been harmful to the appellee, it is unnecessary to consider whether the inquiries themselves were admissible.

The fact that the Court of Probate allowed the following charges in the account of the administratrix, viz, " Adminis-

tration fees, 5 per cent, $75.74," and "Traveling expenses $10.50," after having been informed as to the services actually rendered and the items of traveling expenses, and after having presumably found the charges reasonable and proper, was not a sufficient reason for reversing the order of the Court of Probate accepting the account, no question having been made in the Superior Court as to the reasonableness of the charges.

While there is no law in this State permitting an administrator to charge for his services a certain percentage of the value of the estate he has administered, it would not be unlawful to allow a charge for services which was reasonable, when the only objection was that it was made in that form. The allowance of the account without a more detailed statement of these particular items was not a violation of the rule as laid down in *Fairman's Appeal*, 30 Conn. 205, where the entire expenses of the settlement of the estate were charged in one gross sum.

The record before us shows that there was evidence before the trial court to sustain its finding that the decedent did not at any time intend to make a present gift to her daughters of any interest in the deposits in question, and that she retained possession of the bank-books excepting as she entrusted them to her daughters either for safekeeping or for the purpose of having the interest added. There was therefore no error in the refusal of the trial court to correct the finding as requested by the appellee.

There was error in the judgment of the trial court that said items of $75.74 and $10.50 were not lawfully allowed by the Court of Probate as charges in the administration account, and to that extent it is reversed.

There was no error in the judgment of the trial court reversing the order and decree of the Court of Probate upon the ground that in her administration account the full amount of said deposits should have been charged against said administratrix as belonging to the estate of the deceased.

In this opinion the other judges concurred; BALDWIN, J., with hesitation.