INDUSTRIAL TRUST COMPANY *vs.* DENNIS F. SCANLON *et al.*

PROVIDENCE—JUNE 17, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)    *Joint Ownership of Personalty.*

A deposit was made by A., in the names of "A. or B., payable to either or the survivor of them." A. gave the deposit book to B., who retained posses-

sion except when A. made two withdrawals at the request of B., until the death of A.:—

*Held*, that the gift was both intended and completed, and that, upon the decease of A., B. became entitled to the fund.

BILL of interpleader. Heard on bill, answers, and proof.

STINESS, C. J. This is a bill of interpleader to determine the ownership of a savings bank deposit, which is claimed by three parties.

In December, 1890, Patrick Scanlon had deposited the sum of $1,900 in his name in the Bristol Institution for Savings, and he then redeposited it in the names of "Patrick Scanlon or Dennis F. Scanlon, and payable to either or the survivor of them." In December, 1900, the complainant succeeded to the business of the institution for savings and a new book was issued in the same form, both Patrick and Dennis signing the transfer from the savings institution to the complainant.

Patrick Scanlon died in March, 1903, and the deposit is now claimed by Dennis F. Scanlon, under the terms of the deposit; by Hiram F. Perry, administrator of the estate of Patrick; and by the widow of Patrick, under an antenuptial agreement by which he was to give her all his property.

The claim of Dennis F. Scanlon is the controlling question in the case, because, if the fund belongs to him, the administrator of Patrick can take nothing and, as the contract with the widow was not carried out so far as this book was concerned, nor, so far as appears, brought to the knowledge of Dennis F. Scanlon, she could not take the money under the contract, if the previous disposition of the deposit had given title to Dennis.

There can be no doubt that the owner of personal property has the right to give it away in whole or in part. Consequently he can give a joint ownership to another. It is not unusual for persons to own horses, boats, and other personalty in common, and such ownership has been recognized. *Ennis* v. *Hutchinson*, 30 N. J. Eq. 110; *Goell* v. *Morse*, 126 Mass. 480. In this State joint ownership in a deposit has been recognized in *Prov. Inst. Savings* v. *Barr*, 17 R. I. 131; *Whitehead* v. *Smith*, 19 R. I. 135.

Where the joint ownership is created by a gift, the gift must be shown as in any other case of gift. Accordingly, in *Woonsocket Inst.* v. *Heffernan,* 20 R. I. 308, where the deposit was like the one now before us, but the original depositor had retained the book in her own control and the other party had no knowledge of the deposit until a short time before the death of the original depositor and never had possession of the book, it was held that the gift was not complete, and so there was, in fact, no joint deposit. See *Dougherty* v. *Moore,* 71 Md. 248; *Whalen* v. *Milholland,* 89 Md. 199; *Burns* v. *Burns,* 93 N. W. Rep. 1077; *Basket* v. *Hassell,* 107 U. S. 602; *Noyes* v. *Newburyport Inst.* 164 Mass. 583; *Main's App.* 73 Conn. 638.

So also in *Prov. Inst.* v. *Carpenter,* 18 R. I. 287, where the deposit was in the names of Margaret Hart or Mary F. Carpenter, the money to remain the property of the former during her life and subject to her own control, but upon her death to be applied to certain religious and charitable uses, it was held that no title passed to Miss Carpenter, because it was intended only as a testamentary disposition and no present title was to pass to her during the life of Margaret Hart. See *In re Brown,* 113 Ia. 351.

In *Prov. Inst.* v. *Barr,* 17 R. I. 131, the title of a joint owner, not the original depositor, was sustained on the ground that the title had already been settled in a civil action in which the interest of the former had been attached on trustee process, and the original depositor had intervened. The point of the decision was that, as between the parties, the title was *res adjudicata.*

The question now before us was clearly raised in *Whitehead* v. *Smith,* 19 R. I. 135, and decided in favor of the joint title of the claimant. There the deposit was to the account of Whitehead or Smith, and payable to either or the survivor of them.

The administrator in the case before us claims that this last decision is inconsistent with the Heffernan and Carpenter cases to which we have referred. We have cited those cases in order to show that there is no inconsistency, because in the Heffernan case the gift was not complete, and in the Carpenter

case no gift was intended until the death of the original depositor, and then only for testamentary purposes.

Joint ownership in personalty is also recognized in Gen. Laws cap. 201, § 1, which provides that gifts, conveyances, etc., of real or personal estate to two or more persons shall be deemed to create a tenancy in common, and not a joint tenancy, unless it be declared that the tenancy is to be joint, or that the same is to such persons and the survivors or survivor of them, or unless the intention manifestly appears that such persons shall take as joint tenants and not as tenants in common.

Under the terms of the statute the gift here in question was clearly a joint gift.

(1)    The testimony in the case shows that it was a completed gift, to an extent quite unusual in such cases.

While the joint deposit was in the Bristol Institution for Savings, in 1894 Patrick Scanlon went to the bank and asked if the deposit could be made payable either to him or to Dennis, so that if either of them should die it would then be payable to the survivor. The treasurer of the bank explained to him that if he put the money in that way, either could draw it, if he had the book. Subsequently, Patrick opened the account in the present form. Dennis was not present, but he went to the bank soon after to sign the signature book. Patrick gave the book to Dennis on the day of transfer, saying that it was his (Dennis's) to do with as he pleased; that he could draw the whole or any part as he wished, and that he must go to the bank the next day to sign the book. From that time on the book was in the possession of Dennis, or of his sister, for him. After the transfer was made to the Industrial Trust Co., Dennis continued to have possession of the book, except when Patrick made two withdrawals, amounting to $110, not only with the consent of Dennis, but at his request, Patrick returning the book after the withdrawals. Patrick also urged Dennis to withdraw the money for the purchase of real estate in the name of Dennis. It is, therefore, clear that the gift was both intended and completed.

The opinion in *Whitehead* v. *Smith*, 19 R. I. 135, does not

show that the book had been delivered to the claimant during the lifetime of the original depositor, but the agreed statement shows that fact and also that the claimant had drawn money on the joint deposit. Under these circumstances the decision is not open to the criticisms made by counsel for the administrator in this case. On the contrary, the decision is in line with the great weight of authority in such cases.

The argument against the vesting of a joint title in a donee is that, because the donor can defeat the gift by drawing the deposit, control of the deposit is thereby retained and so the gift is not absolute or complete. To this it may be replied that the donee has the same power, if he has possession of the book. Both parties can not hold the book at the same time, and the mere fact that one has possession of it ought not to be conclusive against the rights of the other.

In this case the question of the effect of possession by the donor does not arise, since the donee had constant possession of the book, except as we have stated. Some cases go so far as to hold that the entry on the book of joint title is self-operative and that delivery of the book is not necessary, *McElroy v. Nat. Sav.*, 8 App. Div. S. C. N. Y. 192, and that the retention of the right to draw the money deposited does not affect the validity of the gift. *Dennin v. Hilton* (N. J.) 50 Atl. Rep. 600. This case is not in the New Jersey reports, but the decision was referred to in *Hoboken v. Schwoon*, 62 N. J. Eq. 503, and in *Pa. R. R. Co. v. Earl*, 63 N. J. Eq. 634. *Dunn v. Houghton*, 51 Atl. Rep. 71, also an unreported case in New Jersey, is cited in *Carter v. Carter*, 63 N. J. Eq. 726.

We think it is clear, in the case at bar, that the title to the deposit is in Dennis F. Scanlon.

This being the only question raised by the bill, we are of opinion that the other questions sought to be raised by her upon her antenuptial contract are not properly before the court.

Decree accordingly.

*Van Slyck & Mumford*, for complainant.

*Tillinghast & Carr*, for respondent Perry, administrator.

*Charles P. Robinson*, for respondent Elizabeth F. Scanlon.

*Frederick A. Jones*, for respondent Dennis F. Scanlon.