WILLIAM H. DOOLAN *vs.* AGNES HEISER ET AL.

Third Judicial District, Bridgeport, April Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An assignment of error should specify the precise question and answer which it is desired to have reviewed, where there are several of them in the paragraph to which the assignment refers.

General Statutes, § 705, which authorizes relevant declarations of a decedent to be given in evidence, applies only in favor of those who sue or defend in the interest of the estate, either as personal representative, heir, distributee, or purchasers by will; and therefore not to litigants who claim personal property as a gift from the decedent during his lifetime.

Declarations of an alleged donor before, at, or after, the delivery of personal property to another, are admissible in evidence as indicative of his intent, and thus as tending to prove or disprove a gift.

One who has personal knowledge of how or in whose name money is deposited in a bank, may state the fact, in spite of an objection that the records of the bank are the best evidence thereof.

Such an objection, moreover, is waived, when the objector subsequently admits that the money was deposited as stated by the witness.

Submitted on briefs April 14th—decided June 10th, 1915.

ACTION of replevin for household goods, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Arthur B. O'Keefe,* for the appellant (plaintiff).

*L. Erwin Jacobs,* for the appellees (defendants).

RORABACK, J. The plaintiff claimed that the furniture sought to be replevied belonged to him and that he purchased it with his own money. The defendants claimed that they obtained title to the furniture in question by gift from the wife of the plaintiff, Minnie Doolan, now deceased. Mrs. Doolan was the daughter of one of the defendants and a sister of the other defendant. Minnie Doolan, during her lifetime, carried on business upon her own account and was a woman of means.

The defendants further claimed that Mrs. Doolan offered to purchase a house if the defendants would go and live in it; that the house was purchased and the defendants went and lived in it; that Mrs. Doolan also offered to purchase furniture to properly furnish this house and that the furniture should become the property of the defendants; that Mrs. Doolan bought this furniture for the defendants and paid for it out of her own funds; and that it was delivered to the defendants and was in their possession when this action was commenced.

The trial court found that the deceased Minnie

Doolan intended to and did give the furniture in question to the defendants.

The assignments of error made by the plaintiff, all of which relate to rulings upon evidence, are not proper in form, in that they fail to point out the particular ruling or rulings complained of. When, as in the present case, a paragraph in the finding contains a great number of questions and answers given by a witness, the greater number of which came in without objection or exception, but to which one or more objections and exceptions are taken, it is not enough in the appeal to merely assign as error, that the court erred in admitting the testimony of such a witness as contained in such a paragraph. The particular ruling or rulings complained of in the appeal should be clearly indicated. *Monroe National Bank* v. *Catlin*, 82 Conn. 227, 229, 73 Atl. 3. Notwithstanding this irregularity we have the power to waive it, and, under the circumstances of the case, we have reached the conclusion to consider the questions which the plaintiff wishes this court to pass upon, and which both parties pursued in their arguments.

One question is whether or not the declarations by Minnie Doolan, now deceased, in the absence of the plaintiff, her husband, which were indicative of her intention to make a gift of this furniture to the defendants, were admissible. These statements, as the plaintiff contends, cannot be upheld as the declarations of a deceased person under § 705 of the General Statutes. This statute applies only in favor of those who sue or defend in the interest of the estate, either as a personal representative, heir, distributee, or purchaser by a will. None of these conditions exist in the present case. *Baxter* v. *Camp*, 71 Conn. 245, 252, 41 Atl. 803. These declarations were properly admitted as tending to prove one of the controlling facts

in controversy, that the delivery of the property by Minnie Doolan was made by her with the intent to give it to the defendants, absolutely. The cases are numerous in which the declarations by donors preceding, accompanying, or following their gifts, have been admitted for the purpose of determining whether in fact a gift was made. One of the leading cases on this point is that of *Meriden Savings Bank* v. *Wellington*, 64 Conn. 553, 555, 30 Atl. 774, in which it is stated: "The evidence of Mrs. Clark's declarations of her attachment to Mrs. Wolcott, and her intention, in the disposition of her property, to do more for her than for any of her other relatives, was relevant, and material. The fact of giving being in dispute, proof of an intention to give, and to give largely, tended directly to support Mrs. Wolcott's claim, and whether the expression of such an intention was three years or three days before the donor's death was unimportant as respects the competency of the evidence, however it might bear upon the weight to which it was entitled." See, also, *Camp's Appeal*, 36 Conn. 88, 92; *Guinan's Appeal*, 70 Conn. 342, 39 Atl. 482; *Minor* v. *Rogers*, 40 Conn. 512.

The defendants called Miss Heiser as a witness and asked her where she got the money. She answered: "From the bank." She was also asked: "In whose name was it?" Ans. "My sister's name, Minnie Doolan." Plaintiff's counsel objected to this question and answer, on the ground that the records of the bank were the best evidence of the existence of the deposit. It appears that this objection was not well taken, as the record shows that the witness was testifying from personal knowledge upon this subject; and the record also shows that the plaintiff, in his testimony upon rebuttal, admitted that Minnie Doolan had money deposited in this bank.

The remaining claims of error were not pursued by the plaintiff and leave no question which we have not already discussed.

There is no error.

In this opinion the other judges concurred.