HARRIET LINES STEVENSON *vs.* HERBERT L. MOELLER ET ALS.

Third Judicial District, Bridgeport, October Term, 1930.

MALTBIE, HAINES, HINMAN, BANKS AND AVERY, Js.

Argued October 30th, 1930—decided January 13th, 1931.

*Frederick H. Wiggin* and *Huntington T. Day,* with whom, on the brief, was *J. Dwight Dana,* for the appellant (plaintiff).

*George W. Crawford,* for the appellants (defendants).

MALTBIE, J.   This is an appeal from the allowance by the Court of Probate of the annual account of the trustees under the will of Constand A. Moeller for the year 1928-1929. The sole issue is as to the proper amount to be paid to the four trustees for their services. In the account the trustees made a charge of $6000 each. The Court of Probate accepted and allowed the account including these charges.   On the appeal to the Superior Court it reduced the amount of the compensation to be paid them to $4500 each and they and the appellant in that court have appealed from that judgment.

We see no reason to change or add to the finding of the trial court. It is an admitted fact that at the time of the testator's death in 1914 three of the trustees were employed by him at relatively small salaries, the highest being $2200 a year, and that the fourth was receiving at the time an annual salary of $2350, but the trial court might reasonably regard this fact, as it evidently did, as immaterial in its relation to the proper amount to be paid to them for their services as trustees for the year 1928-1929. The other paragraphs it is sought to have added to the finding either contain immaterial facts or do not fairly state the situation as disclosed by the evidence.   As the trial court's memorandum of decision is not made a part of the finding, requests for corrections to be made in it present nothing for our consideration.

The relevant portions of the testator's will are set out in our opinion in *Moeller* v. *Kautz, ante,* 481, 152 Atl. 886. In it he gave substantially his entire estate to the trustees, to hold and invest; provided for annuities for each of his nine children during his or

her life, or if any died, for his or her children until the death of the last survivor of his children, these annuities to start at $2500 a year and to increase at the rate of $100 a year until the sum of $4000 was reached, beyond which amount they were not to go; directed his trustees to invest all surplus income and the avails of the sale of any property in mortgages upon improved real estate worth twice the amount loaned, interest to be paid semiannually and insurance and taxes to be paid by the mortgagors; and at the death of the last survivor of his children directed the estate to be divided among his grandchildren or their children.

Of the trustees one is a son of the testator, one a son-in-law, one a brother and one a nephew. In 1917 the compensation allowed them was $3500 each, in 1918 $4000, 1919 to 1924 $5000, 1925 $5500, and 1926 to 1928 $6000. The appellant is one of nineteen grandchildren and the only one objecting to the account; twelve of them are minors and their guardian appeared in the Court of Probate and formally approved the amounts charged by the trustees.

Without going into details it appears that the estate originally coming into the hands of the trustees was a little over $1,000,000, and that it has increased until in 1928-1929 it had a fair market value of something over $2,000,000. The gross income in the year in question was $99,062.40 and the net income after deducting proper disbursements exclusive of compensation to the trustees was $73,470.89. The estate now consists of twenty-seven different pieces of real estate having a market value of $811,000, with fifty-four tenants, one hundred and eight mortgages of the value of $727,010.70, and corporate stocks, with a few bonds, notes and the like. The duties of the trustees are to manage, care for and invest the estate, pay the annu-

494

ities and charges of administration, collect the income and oversee the property and mortgages and the like. They maintain an office where they employ a competent stenographer and bookkeeper. None of the trustees are inactive and each considers himself as responsible for the entire management of the estate, and holds his entire time subject to the requirements of its administration. Full time is not reasonably required for the efficient discharge of their duties, but they have in fact given substantially full time to them in an honest effort faithfully to administer the trust. There has been no improper or substantial duplication of work or effort. None of the trustees engages in any activity aside from the administration of the estate, except that one is president and a member of the exeutive committee of a corporation in which the estate has a very substantial interest and in the latter capacity receives a salary of $500 a year. The trustees have performed their respective duties in an efficient and conscientious manner, having regard to the size of the estate, responsibilities involved, character of work required, the special problems and difficulties met during the work, the results achieved, the knowledge, skill and judgment required, the manner and promptitude in which the estate has been administered, the time and service required, and such other circumstances as are involved in the proper administration of the estate in accordance with the requirements of the will. The fee requested for services by each one of the trustees would be fair and reasonable compensation for services were the trust managed by a single trustee.

In their appeal the trustees question some of the statements in the first part of the finding as being conclusions not legally supported by the subordinate facts, but they are really findings based upon evidence and reasonable inferences, which amply support them.

The trial court did not, as they claim, apply the principle of compensation for "unitary service" which we refused to adopt in *Hayward* v. *Plant*, 98 Conn. 374, 385, 119 Atl. 341; it found that each trustee should receive the same amount and then fixed the compensation for each as $4500. That sum was not, as they say, "arbitrarily fixed upon" by the trial court, but was obviously its conclusion reached in the exercise of its judgment as to the reasonable amount to be allowed, taking into consideration all the facts and circumstances relevant thereto which had been proved. Obviously in this case the only evidence which could directly state the amount of the reasonable compensation to which the trustees were entitled would be but opinion evidence, to be considered by the court with all the other facts proved in arriving at its own judgment upon the issue. *State* v. *Levy*, 103 Conn. 138, 146, 130 Atl. 96.

The trustees assign as error certain rulings and questions asked on cross-examination of one of them who had testified that in his opinion the amount charged by each was reasonable, as to whether he knew of a schedule of charges approved by a committee of the Corporate Fiduciaries Association of New Haven and of the charges made by banks and trust companies in New Haven for managing estates. He answered that he did not know. The questions incorporated the amount of the charges claimed to have been so approved or made. Proper practice would have dictated that the witness be first asked whether or not he had any knowledge of the schedule or of the charges made by the banks or trust companies without any statement of the amounts, but in a trial to the court their inclusion could have done the trustees no harm, particularly in view of the witness' answer; and, except for this feature, the questions were proper

cross-examination. Similar considerations disposed of the objections to several questions asked on cross-examination of the guardian of the minor children while he was being interrogated upon a report he had made to the Court of Probate recommending the allowance of the amounts charged by the trustees as reasonable; nor was there any harmful error in the question asked of him as to whether he knew of any other trust approaching the one before us in size where the cost of management plus the trustees' fees amounted to more than fifty per cent of the gross income, to which he answered that he did not and had had no experience with such estates. The hypothetical question put to an expert witness called by the appellant, concluding with the query as to what would be a fair and reasonable aggregate compensation to these four trustees, was undoubtedly objectionable as adopting in effect the principle of unitary compensation. But as the trial court definitely rejected that theory in arriving at the compensation to be allowed these trustees, error in its ruling admitting the question could not have been harmful.

In *Hayward* v. *Plant,* 98 Conn. 374, 384, 385, 119 Atl. 341, we point out that we have never adopted the rule that in determining the compensation to be allowed several executors the aggregate services of all are to be used as a basis for a single allowance to the group as a whole, but that each is to receive reasonable compensation for the services rendered by him; and we say: "In this connection, 'reasonable' means what is fair in view of the size of the estate, the responsibilities involved, the character of the work required, the special problems and difficulties met in doing the work, the results achieved, the knowledge, skill and judgment required of and used by the executors, the manner and promptitude in which the estate has been

settled and the time and service required, and any other circumstances which may appear in the case and are relevant and material to this determination." These principles the trial court adopted and applied. It will often follow from this method of fixing the compensation of several trustees upon the basis of the services of each that the aggregate cost of managing the estate will be greater than if a single trustee were appointed, but this is a circumstance inherent in the principle we adopt, and results from the manner in which the trust is created. It may be that a better arrangement of the work of managing the trust might result in such a division of that portion of it where the judgment and discretion of all the trustees is not requisite as to demand a less expenditure of time and effort by some at least of them and so reduce the amount they could fairly charge against the estate, and if a regard for the promotion of the best interest of the estate makes such a course reasonable, it is the duty of the trustees to adopt it; but upon this record we can find nothing which would justify us on this ground in reducing the compensation allowed them by the trial court, and we can point this out only as a warning for the future. If we were in the first instance determining the amount to be allowed the trustees, it may well be that we would not arrive at as large a sum as did the trial court, but as we point out in *Hayward* v. *Plant* (p. 382) the only question before us is, upon this record does it appear that the trial court could not reasonably and legally reach the conclusion that it did. That it could do so is too clear to justify an extended argument.

There is no error.

In this opinion the other judges concurred.