HARTFORD NATIONAL BANK AND TRUST COMPANY,
TRUSTEE *v.* JOHN M. DONAHUE ET AL.

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE NO. 197831
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed January 22, 1979

*Halloran, Sage, Phelon & Hagarty,* for the plaintiff.

*Joseph A. Lorenzo,* pro se, a defendant.

O'BRIEN, J. The plaintiff, Hartford National Bank and Trust Company, is trustee under the fifth clause of the will of Samuel Ferguson, Jr. The plaintiff has filed a periodic account for the period from May 1, 1971, through April 30, 1974. As part of this accounting, it has charged a fee of $3410.28. The Probate Court for the district of Hartford disallowed the fee after reviewing the account and a memorandum submitted to support that account. The Probate Court allowed a fee of less than one-third of that amount, viz. $1000, and ordered that the sum of $2410.28 be restored to the trust. An appeal has been filed in this court from that order.

The plaintiff contends that the Probate Court reduced the trustee's fee to offset a loss to the trust

precipitated by the sale of depreciated stock. This ruling, according to the plaintiff, is contrary to Connecticut law.

The record of this case reveals that the plaintiff became the trustee under a testamentary trust in 1964. At that time, there were 200 shares of Union Carbide stock, valued at $26,300, among the trust assets. As the result of a stock split in 1965, the number of shares held by the trustee increased to 400. In 1966, the trustee sold 100 shares of the stock, netting the estate $.23. The trustee sold the remaining 300 shares in 1974, and that sale resulted in a net loss to the estate of $9127.50. Subsequently, the trustee filed its accounting with the Probate Court, showing a trustee's fee of $3410.28 for services performed from May 1, 1971 through April 30, 1974.

In a memorandum of decision dated July 3, 1975, the Probate Court noted that it lacked authority, under the reasonably prudent investment standard followed in Connecticut, to order the trustee to reimburse the trust for the loss. Emphasizing the "results achieved," however, the Probate Court refused to approve the fee of $3410.28.[1] Accordingly, the Probate Court ordered reduction of the trustee's fee from $3410.28 to $1000 and repayment by the trustee of $2410.28 to the trust estate.

The rule is well established in this jurisdiction that a trustee is entitled to reasonable compensation for his time and trouble in managing a trust fund. *Bissell* v. *Butterworth,* 97 Conn. 605, 615; *Main's Appeal,* 73 Conn. 638, 645; *Candee* v. *Skinner,* 40 Conn. 464, 468; *Brennan's Appeal,* 14 Conn. Sup.

[1] Although the Probate Court singled out the "results achieved" in determining the value of the services rendered to the estate, it couched the reduction of the trustee's fee in the following language: "For this accounting period, based on the size of the estate, the responsibility undertaken, the limited investment activity, and the results achieved, the Court finds that an adequate fee for the Trustee is One Thousand (1,000) Dollars. . . ."

264, 267. See also 3 Scott, Trusts (3d Ed. 1967) § 242. Because Connecticut has no statute regulating the fees of fiduciaries, however, the Probate Court has discretion in setting the amount of a trustee's compensation and the time or times at which the trustee is to receive it. *Bridgeport-City Trust Co.* v. *First National Bank & Trust Co.*, 124 Conn. 472, 477; *Brennan's Appeal,* supra. See also 10 Bogert, Trusts & Trustees (2d Ed. 1962) § 977.

The standard applied by the Connecticut courts to determine what constitutes "reasonable compensation" for trustees was first articulated in *Hayward* v. *Plant,* 98 Conn. 374, 384–85: "In this connection, 'reasonable' means what is fair in view of the size of the estate, the responsibilities involved, the character of the work required, the special problems and difficulties met in doing the work, the results achieved, the knowledge, skill and judgment required of and used by the executors, the manner and promptitude in which the estate has been settled and the time and service required, and any other circumstances which may appear in the case and are relevant and material to this determination." Although this standard has been consistently applied; see e.g., *DiSesa* v. *Hickey,* 160 Conn. 250, 268; *Stevenson* v. *Moeller,* 112 Conn. 491, 496; *Brennan's Appeal,* supra, 267; there are no Connecticut cases that have focused specifically on the "results achieved" in arriving at a reasonable fee for a trustee. Moreover, research reveals no Connecticut case law that would permit a trustee's compensation to be reduced to offset a reasonably prudent investment decision which results in a loss to the trust.[2]

---

[2] Professor Scott has noted that a trustee's liability for breach of trust can be set off against his claim for compensation on the ground that the trustee has not properly performed the services for which compensation is given. 3 Scott, Trusts (3d Ed. 1967) § 243. In the case at bar, however, the Probate Court specifically noted that there was no breach by the trustee.

The only testimony adduced at the trial was that of two experts called by the plaintiff: Thomas C. McKone, an attorney, former clerk of the Probate Court for eight years, writer, lecturer on law at the University of Connecticut School of Law at a special seminar on wills and probate procedure from 1951 to 1972; and Norman E. Armour, a senior vice president in charge of the personal trust division of the Connecticut Bank and Trust Company, a person with twenty-one years of experience in all areas of trust administration. Both testified as to the reasonableness of the fees as charged in the plaintiff's accounting. No countervailing evidence was brought forward to establish any fee other than that which the plaintiff had developed through its fee schedule and which it asserts is reasonable.

The asset of the trust's portfolio which depreciated in value resulting in the Probate Court's cutting the trustee's fee was Union Carbide stock held by the settlor at the time of his death. The settlor, Samuel Ferguson, Jr., had provided for the powers of his executor and trustee in the seventh article of his will. Section B of that article provides that his trustee is authorized and empowered "[t]o retain without liability for loss or depreciation resulting from such retention, any property real or personal, constituting a part of my estate for such time as it shall deem advisable."

If the trustee had retained the stock in question until it became worthless the loss would have been occasioned to the trust estate by its retention without liability upon the part of the trustee. The loss would have been occasioned by the retention and not by its sale. Courts must look at the facts at the time of their occurrence not aided or enlightened by those which subsequently take place. *Purdy* v. *Lynch*, 145 N.Y. 462, 475. There is no doubt that the test to be applied is one of conduct rather than

performance. *In re Morgan Guaranty Trust Company of New York,* 89 Misc. 2d 1088, 1090. If trustees invest in the securities expressly allowed by statute they will, except under very extraordinary circumstances, be protected, no matter how the investment may result. *Clark* v. *Beers,* 61 Conn. 87, 88. A trustee is neither the insurer nor the guarantor of the value of a trust's assets. A trustee's performance is not judged by success or failure, and while negligence may result in liability, a mere error in judgment will not.

Testimony indicated that an Arab oil embargo and a projected general economic recession combined to cause the sale of the Union Carbide stock held by the Ferguson trust to be advisable under the circumstances. The plaintiff has shown itself to have been conscientious, careful and qualified and to have used its best efforts in the overall management of the subject trust for the three-year period under scrutiny.

To allow the reduction here appealed from to stand would allow the general penalization of trustees for investment performance in estates that suffered because of a recession. The court concludes that a trustee's fee ought not to be reduced primarily on the basis of "results achieved" without due consideration of the other factors enumerated in *Hayward* v. *Plant,* 98 Conn. 374. Those factors were not shown to be present in the instant case.

For this reason the plaintiff's appeal must be and therefore is sustained.