ABEL F. CLARK, ADMINISTRATOR, *vs.* ANN E. BEERS AND OTHERS. .

New Haven & Fairfield Cos., April T., 1891. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

Section 495 of Gen. Statutes specifies sundry securities on which "trust funds, unless it is otherwise provided in the instrument creating the trust, may be loaned." Held not to be mandatory.

If trustees invest in the securities expressly allowed by the statute, they will, unless under very extraordinary circumstances, be protected, no matter how the investment may result.

All other investments must be justified, when occasion requires, under the rigid rules applicable to investments made by trustees upon their own judgment.

A will authorized trustees to sell property and invest the proceeds in other property to be held in trust in the place of the property sold. Held not to confer any other than the ordinary rights of trustees, and that they must invest under the responsibilities usually attaching to trustees.

[Argued April 23d—decided June 1st, 1891.]

SUIT by the plaintiff as administrator with the will annexed of Isaac Beers, for the construction of certain provisions in the will; brought to the Superior Court in Fairfield County, and reserved for the advice of this court. No question of general interest was involved except one with regard to the construction of Gen. Statutes, § 495, and the opinion of the court upon the rest of the case, is, by direction of the judges, omitted.

The will gave the residue of the estate to trustees for certain beneficiaries, with the following provision:—" And I hereby empower said trustees to sell any part or the whole of said residue, if in their judgment the interest of the legatees would be promoted thereby, and the proceeds of such sale or sales to be invested in other property, to be held in trust in place of the property sold and for the purpose expressed in said will."

*D. Davenport* and *W. H. O'Hara*, for the plaintiff.

*S. E. Baldwin*, for the residuary legatees.

SEYMOUR, J. As to the power given at the close of clause seventh, to invest the proceeds arising from the sale of a part or the whole of the residue, there is nothing in the language conferring other than the ordinary rights and duties upon the trustees named therein. They must invest under the responsibilities usually attaching to trustees.

We do not construe the provisions of section 495 of the General Statutes as mandatory and as depriving trustees of all discretion as to investments. If they invest in the securities expressly allowed by the statute they will, except under very extraordinary circumstances, be protected, no matter how the investment may result. Acting within the

express provisions of the statute would be, of itself, proof of good faith and sound discretion.

All investments other than those named in the statute must be justified, when occasion requires, under the rigid rules applicable to investments made by trustees upon their own judgment.

In this opinion the other judges concurred.