MARCIA BEARDSLEY ET AL., TRUSTEES, *vs.* THE BRIDGEPORT PROTESTANT ORPHAN ASYLUM ET AL.

Third Judicial District, New Haven, January Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Upon the decease of his wife, who was made residuary legatee during her life, the residue of the testator's estate was given to trustees, who were directed (*a*) to pay therefrom certain pecuniary legacies; (*b*) to hold two sums of $12,000 each, in trust for two nephews, paying the income to each nephew during his life, with remainder over; (*c*) to divide the rest among the grandnieces and grandnephews of the testator living at his death, or who "may be born thereafter," those who had then reached twenty-five to take their shares absolutely, while the shares of the others were to remain in trust in the hands of the trustees until the legatees should respectively attain that age, when they were to receive them with accrued interest. In a suit by the trustees, after the death of the widow, to construe the will, it was *held:* —

1. That the residuary estate vested, in point of right, in the trustees at the death of the testator, subject to the life use of the widow; and upon her death they became entitled to the possession, subject only to a deduction for the expenses of final settlement of the estate.
2. That the pecuniary legacies were payable as of the date the trustees became entitled to the possession of the fund, provided that event

should occur—as it did in the present case—more than one year after the decease of the testator.

3. That the division into separate shares for the respective grandnieces and grandnephews was to be made as of the same date; the reference to those after-born being applicable only to births between the death of the testator and that of his widow, and none having occurred during that period.

4. That it was not incumbent upon the trustees to sell the securities which had been turned over to them as part of the trust estate (§ 255), in order to raise in cash the two sums of $12,000 to be held in trust for the nephews; since that would involve an immediate reinvestment and a possible and unnecessary loss of income to the life tenant.

General legacies, in the absence of any provision to the contrary, do not become payable, by the rules of the common law, until a year after the testator's death. This time is given to enable the executor to satisfy them without unnecessary sacrifice.

Argued January 29th—decided March 3d, 1904.

ACTION by the trustees under the will of Bronson B. Beardsley of Bridgeport, deceased, for a construction of the will; brought to the Superior Court for Fairfield County and reserved (*Elmer, J.*) for the advice of this court.

The material parts of the will were as follows : —

" Third. I hereby devise and bequeath the whole of my residuary estate, both real and personal, to my beloved wife, Mary W. Beardsley, during her life, for her sole use and benefit, and, at her death, I hereby appoint Miss Marcia Beardsley, my sister, of Bridgeport, Ct., and Miss Lucinda T. Montgomery, above mentioned, and Clara T. Hathaway— wife of George T. Hathaway, of Bridgeport, Ct., as Trustees for all my residuary estate, and I hereby request that when they deem it necessary—to counsel with Morris B. Beardsley, Esq., of Bridgeport, Ct., or Oswald P. Backus, Esq., of Rome, N. Y., or both, and I do hereby direct that the said Trustees and their successors shall hold and manage and appropriate the said residuary estate in the following manner."

" Fifth. I hereby direct that the said Trustees above named shall pay to Miss Katie Fitzpatrick the sum of Five Hundred Dollars ($500), she having been a faithful domestic in my family for many years.

"Sixth. I hereby direct that said Trustees pay from my residuary estate the sum of Twenty-Four Thousand Dollars ($24,000) to the following named objects, respectively." Twelve legatees, mostly charitable corporations, were then named, and there was added: "The above $24,000 to be paid $2,000 each to the above named objects."

"Seventh. I hereby direct that the said Trustees pay from my Residuary Estate the sum of Twelve Thousand Dollars ($12,000) to my nephew, Nichols B. Trulock, of Pine Bluff, Arkansas.

"Eighth. I hereby direct that the said Trustees pay from my Residuary Estate the sum of Twelve Thousand Dollars ($12,000) to my nephew, J. Burton Trulock, of Pine Bluff, Arkansas.

"Ninth. I hereby direct that the said Trustees pay from my Residuary Estate the sum of Twelve Thousand Dollars ($12,000) to my grand niece, Clara T. Hatheway, wife of George T. Hatheway of Bridgeport, Ct.

"Tenth. I hereby give to the said Trustees the sum of Twelve Thousand Dollars ($12,000) to be held in trust for my nephew Marshall S. Trulock of Pine Bluff, Arkansas—the income to be paid to him semi-annually as long as he may live, and at his death the same to be paid to his heirs at law.

"Eleventh. I hereby give to the said Trustees the sum Twelve Thousand Dollars ($12,000) to be held in trust for my nephew James H. Trulock of Pine Bluff, Arkansas—the income to be paid to him semi-annually as long as he may live, and at his death the same to be paid to his heirs at law.

"Twelfth. I give and bequeath to Miss Lucinda T. Montgomery all my household furniture, pictures, library, bedding, silver and plated ware, jewelry and wearing apparel. Also my horse, carriages, and all thereto belonging, absolutely after the death of my wife, with the request that she shall give to my grand niece (Mrs. Clara T. Hatheway) any of the portraits or other things she may desire.

"Thirteenth. I hereby direct that the rest and residue of my estate shall be given in equal shares to each of my grand

nieces and grand nephews as may be living at my death, or may be born thereafter—as follows : To those who may have already reached the age of twenty-five, I direct that their shares shall be given to them absolutely.

" Fourteenth. The remaining shares I give and bequeath to Miss Marcia Beardsley, Miss Lucinda T. Montgomery and Mrs. Clara T. Hathaway, to be by them held in trust for the other grand nieces and grand nephews until they severally reach the ages of twenty-five, when said shares with the accrued interest shall be given to them respectively. If any of them shall die before attaining the age of twenty-five years—leaving issue—I then direct that such issue shall take the share their parent would have had if living to the age of twenty-five years as aforesaid. But if any of my grand nieces and grand nephews shall die before reaching the age of twenty-five years—leaving no issue, their share or shares shall be divided equally among the survivors."

The first codicil contained this clause : —

" It is my will that out of the Residuary Estate therein mentioned, there shall be paid to George T. Hathaway—husband of Clara T. Hathaway therein named, the sum of Three Thousand Dollars ($3,000)."

A second codicil was executed in 1898, in which year the testator died.

The widow was made the sole executrix. She died in 1903, and an administrator *de bonis non* with the will annexed upon the testator's estate was thereupon appointed, who shortly afterwards paid over the residuary estate, which was all personal estate, to the trustees, after deducting the proper charges.

*Samuel F. Beardsley*, for the plaintiff.

*Stiles Judson, Jr.*, for Nichols B. Trulock *et al.*

BALDWIN, J. The residuary estate became vested in right in the trustees at the death of the testator, subject to the life use of the widow. Upon her death they became entitled

to the possession, subject only to a deduction for the charges incident to the final settlement of the testator's estate. General legacies, in the absence of any provision to the contrary, do not become payable, by the rules of the common law, until a year after the testator's death. This time is given to enable the executor to satisfy them without unnecessary sacrifice. No such cause can exist in the case of legacies made payable by trustees who are not to receive the trust fund until after the final settlement of the estate. The pecuniary legacies, therefore, left by the testator in the fifth, sixth, seventh, eighth, ninth, tenth and eleventh sections of his will and in the first codicil, were payable as of the date of the expiration of the life estate, provided that event should occur, as it did, more than one year after the decease of the testator.

The division of the residuary trust estate into separate shares is to be made as of the same date. There can be no reason for deferring it, unless the formation of the class of grandnephews and grandnieces should be postponed to await the possible birth of more thereafter. It would require clear words to justify such a postponement, and those used in the will may be fairly considered to refer only to births occurring between the death of the testator and that of his widow.

No grandnephew or grandniece in fact was born or died during that period.

The property made over to the trustees was not of the kind in which trust funds are ordinarily invested. Under General Statutes, § 255, however, trustees are authorized to hold such securities as may be received by them as constituting the trust estate, without altering the form of investment, unless otherwise ordered by the Court of Probate, so long as in the exercise of reasonable prudence they may deem it unnecessary to make any change. See *Clark* v. *Beers*, 61 Conn. 87.

The trustees under the will before us were given two sums of $12,000, the income from each of which funds was to be paid over to a certain person for life with remainder to his heirs. It is not incumbent upon them to sell out securities

belonging to the trust estate, which they might otherwise keep under the rule above laid down, in order to raise these sums in cash. That would require an immediate reinvestment in other securities, their holding which might, perhaps, unnecessarily narrow the income of the life tenant.

We confine our advice to the points on which advice was asked for in the complaint.

The Superior Court is advised to render judgment in conformity with this opinion.

No costs will be taxed in this court for or against either party.

In this opinion the other judges concurred.