THE MERIDEN SAVINGS BANK vs. HIRAM B. WELLINGTON, ADMINISTRATOR, ET AL.

Third Judicial District, New Haven, June Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

When the issue is whether a decedent had in fact made, shortly before his death, a considerable gift to one of the parties, evidence of his declarations showing a disposition and intention to give largely to such party is relevant and material.

The fact that such declarations were made two or three years before the alleged donor's death, does not render them incompetent, but goes merely to their weight.

Chapter 174 of the Public Acts of 1893 does not authorize this court to review findings of fact made by a trial court, except upon and in aid of an appeal for errors of law; and where the testimony is conflicting, an appeal cannot be maintained on an assignment of error that the court found the issue contrary to the weight of evidence.

[Argued June 12th—decided July 9th, 1894.]

ACTION in the nature of interpleader to determine the ownership of certain deposits in the plaintiff bank; brought to the Superior Court in New Haven County and tried to the court, *F. B. Hall, J.;* facts found and judgment rendered in favor of Harriet B. Wolcott, and appeal by Hiram B. Wellington, administrator, mainly for alleged erroneous conclusions of the court as to the facts. *No error.*

The defendants were the administrators with the will annexed of the estate of Harriet B. Clark, who made the de-

posits in the plaintiff bank, and Mrs. Harriet B. Wolcott. They interpleaded, and upon the trial the following facts were found :—

Mrs. Wolcott was a niece of Mrs. Clark, who was a widow in advanced years and without any lineal descendants. Her aunt had for years intended that Mrs. Wolcott should ultimately have more of her estate than any other of her nephews and nieces. Mrs. Clark made a will in May, 1891, in which she left legacies to different persons, amounting in all to $4,850, giving to one niece $1,000, and to Mrs. Wolcott and certain other of her nieces $350 apiece. The residue of her estate was left to all her nephews and nieces, equally. At this time she owned stock in a Meriden bank worth about $5,000, the deposits in question amounting to about $4,100, and other property worth about $4,850. It had been her intention for years, both before and after making her will, to give, during her lifetime, this bank stock to Mrs. Wolcott, and the savings bank deposits to other relatives. Early in June, finding herself in failing health, she arranged with Mrs. Wolcott, at whose house in Wethersfield she was then living, to drive over to Meriden on June 17th, in order that she might make the transfer and gift of the bank stock. On June 10th, fearing that she should not be well enough to make this journey, and that death was near, she decided to give Mrs. Wolcott the two savings bank books, and handed her a satchel, in which they were together with a small sum of money, saying : " This is yours. I give it to you, and all there is in it ; take it and carry it upstairs ; then if anything happens and I do not go to Meriden, you will be all right." Mrs. Wolcott thereupon took the satchel, and has ever since retained it with its contents in her possession. It was Mrs. Clark's intention, in this transaction, to make an absolute gift of the money represented by the deposit books, to take effect immediately ; and it was also her intention, should she find herself able to go to Meriden, to transfer the bank stock to Mrs. Wolcott, in substitution for such savings bank books, and thus to increase the amount of the gift. Mrs. Wolcott understood that such was her intention, but there was no

agreement or understanding that she should be bound to exchange the deposits for the stock, if such an exchange were offered. On June 17th Mrs. Clark died.

Evidence was received on the trial, against the objection of the administrator that it was too remote in point of time, that two or three years previous to her death, Mrs. Clark had said that Mrs. Wolcott was nearer to her than any other relative, and that she intended to do better by her than by any of the rest. Evidence was also received of statements made by her, some months later, that she expected Mrs. Wolcott to have most of what little she might have left.

The court held that there was a valid gift to Mrs. Wolcott, and the administrator appealed, alleging error in the admission of the evidence of Mrs. Clark's declarations above mentioned, and also (under the statute of 1893) in finding certain facts and refusing to find certain facts, upon the evidence in the cause.

*John W. Alling* and *Frank S. Fay*, for the appellant, Hiram B. Wellington, admr.

*George A. Fay* and *William L. Bennett*, for the appellee, Harriet B. Wolcott.

BALDWIN, J. The evidence of Mrs. Clark's declarations of her attachment to Mrs. Wolcott, and her intention, in the disposition of her property, to do more for her than for any of her other relatives, was relevant, and material. The fact of giving being in dispute, proof of an intention to give, and to give largely, tended directly to support Mrs. Wolcott's claim, and whether the expression of such an intention was three years or three days before the donor's death was unimportant as respects the competency of the evidence, however it might bear upon the weight to which it was entitled.

The other grounds of appeal are that the court erred in certain of its conclusions of fact. It is not contended that on the finding as it stands, the judgment could have been other than it is ; but the administrator complains that the controlling

facts are found contrary to the weight of evidence, and that he can ask this court to examine the testimony, which has been made a part of the record, and reverse the finding as to certain material points.

It is not claimed that there was not some evidence tending to support the conclusions embodied in the finding, nor that the court refused to find any fact which was established by undisputed evidence. Only with respect to the admission of Mrs. Clark's declarations, is any error of law raised by the reasons of appeal. None of the exceptions to the finding of the court, or to its refusal to find as requested by the appellant, relate to matters affecting the admissibility of those declarations. It follows that none of them are exceptions which, under the construction of the Act of 1893 adopted by this court (*Styles* v. *Tyler*, 64 Conn., 432), we can consider, as grounds of appeal.

There is no error in the judgment complained of.

In this opinion the other judges concurred.