
GEORGE B. BABCOCK ET ALS. *v.* WILLIAM H. JOHNSON, EXECUTOR (WILL OF DANIEL P. BABCOCK).

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued February 14—decided April 4, 1941.

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellant (plaintiff).

*Louis A. Woisard,* for the appellee (defendant).

MALTBIE, C. J.   In this appeal from the admission of a will to probate, one of the issues was whether it was the result of undue influence.   The will was executed November 8, 1932.   The defendant executor offered evidence that on September 5, 1936, the testator visited the office of an attorney who had had custody of the will ever since its execution, read it and said it was all right except that he wished that he had made provision for the erection of a monument at his grave; and, upon being assured that he could accomplish his purpose by a letter to the executor, he signed such a

letter. While the jury had the case under consideration they returned to the court room and inquired whether the fact that the testator reviewed his will in 1936 should affect their decision upon the issue of undue influence. The court instructed them that if they found this to be so they should consider the fact in connection with the other evidence bearing upon that issue. The sole claim upon this appeal is that this instruction was erroneous, because the statement of the testator that the will was all right was in the nature of hearsay evidence.

A claim that a will was the result of undue influence necessarily involves an inquiry into the effect upon the mind of the testator of the influences claimed to have been brought to bear upon him. Approval of the will at a time and place where he was not subject to such influences would certainly tend to rebut a claim that it resulted from them. The testator's statement that the will was all right was evidence that at the time it was made the will represented his real intent. *Meriden Savings Bank* v. *Wellington*, 64 Conn. 553, 555, 30 Atl. 774; *Spencer's Appeal*, 77 Conn. 638, 641, 60 Atl. 289; *Barry* v. *McCollom*, 81 Conn. 293, 298, 70 Atl. 1035. If that was so, it would be a basis for an inference that, at the time it was made, it was not the result of undue influence then or previously exerted. *Bartram* v. *Stone*, 31 Conn. 159, 161; *Haines* v. *Hayden*, 95 Mich. 332, 346, 54 N. W. 911; 6 Wigmore, Evidence (3d Ed.) § 1738(2). The statement in question evidenced the state of mind of the testator, and was not in the nature of one introduced for the purpose of proving the truth of a fact contained in it, as was the case as regards the statements held inadmissible in *Comstock* v. *Hadlyme*, 8 Conn. 254, 263, and *Vivian's Appeal*, 74 Conn. 257, 261, 50 Atl. 797. The charge of the trial court was

correct and furnished an answer to the inquiry of the jury adequate for their guidance.

There is no error.

In this opinion the other judges concurred.