META KUKANSKIS *v.* STANLEY JASUT, ADMINISTRATOR (ESTATE OF JOHN SKUCAS)

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued December 3, 1974—decision released July 1, 1975

*Fred B. Rosnick,* with whom, on the brief, was *Frederick W. Krug,* for the appellant (defendant).

*Thomas L. Brayton,* for the appellee (plaintiff).

Longo, J. This appeal arises from a declaratory judgment rendered by a trial referee, acting as a court, finding that the plaintiff owned two bank accounts which were given to her by the decedent.

## I

As a preliminary matter but after oral argument of the appeal, the defendant moved this court to dismiss the entire action, contending that the Superior Court lacked jurisdiction because the

plaintiff did not join as parties, as required by Practice Book § 309,[1] the defendant's brother, John Jasut, an heir, and the Society for Savings, a bank which held one of the accounts in question. We postponed decision on the motion to dismiss so that we might consider it during discussion on the merits of the appeal. However, Practice Book § 53 provides, in relevant part: "An executor, administrator . . . may sue or be sued without joining the persons represented by him and beneficially interested in the suit." See General Statutes § 52-106. The finding indicates that Stanley and John Jasut are the only persons who have an interest in the outcome of this case.[2] It appears, however, that both the bank and John Jasut had actual notice, John Jasut having been present during the hearings and the assistant manager of the Society for Savings having testified at them. In keeping with the practice of interpreting provisions of statutes or rules harmoniously, the requirements of Practice Book §§ 53 and 309 are to be read to require notice to all interested parties, but not necessarily joinder, where there is a declaratory judgment action in which an executor or administrator sues or is sued. The defendant's motion to dismiss is denied.

## II

In the main body of the appeal, the defendant attacks the findings of fact and the conclusions of

[1] "[Practice Book] Sec. 309. —CONDITIONS The court will not render declaratory judgments upon the complaint of any person: . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action *or have reasonable notice thereof.*" (Emphasis supplied.)

[2] Undoubtedly the finding refers to parties in addition to the plaintiff, but the defendant has failed to show the need of joining any other persons.

law as being insufficient or inconsistent with the judgment, claims that the judgment varied totally from the pleadings, and challenges rulings on evidence and the refusal of the referee to grant his motion for arrest of judgment.

The trial referee concluded that the decedent made valid gifts to the plaintiff of two of the three bank accounts in issue. It is incumbent upon a person pressing a claim against a decedent's estate to prove such a claim by clear and satisfactory proof. *Flynn* v. *Hinsley,* 142 Conn. 257, 262, 113 A.2d 351. Whether the conclusion is correct is tested by the finding and it must stand unless it is legally or logically inconsistent with the facts found or unless it involves the application of some erroneous rule of law material to the case. *Hall* v. *Weston,* 167 Conn. 49, 60, 355 A.2d 79; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500.

The defendant, however, has made a wholesale attack on the findings of fact, claiming that facts were found without sufficient evidence, and complaining of the refusal of the trial court to incorporate certain draft findings. See *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 268, 287 A.2d 374. Most of the findings attacked and draft findings rejected relate to the credibility of witnesses and are not material and relevant to the cause of action. *Hyatt* v. *Zoning Board of Appeals,* 163 Conn. 379, 381, 311 A.2d 77; *American Brass Co.* v. *Ansonia Brass Workers' Union,* 140 Conn. 457, 459, 101 A.2d 291; Maltbie, Conn. App. Proc. § 157. It is the trial court which had an opportunity to observe the demeanor of the witnesses and parties; thus, it is best able to judge the credibility of the witnesses and to draw

necessary inferences therefrom. *Collens* v. *New Canaan Water Co.*, 155 Conn. 477, 486, 234 A.2d 825; *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 611, 236 A.2d 466.

The defendant's numerous attacks on the findings of fact are tested by the evidence printed in the appendices to the briefs. Practice Book § 718. See, e.g., *Stoner* v. *Stoner*, 163 Conn. 345, 348, 307 A.2d 146; *Branford Sewer Authority* v. *Williams*, 159 Conn. 421, 425, 270 A.2d 546. From those findings, which were not attacked or which were supported in the appendices to the briefs, the referee correctly found: Shortly after Thanksgiving in November of 1967, John Skucas visited Meta Kukanskis and Peter Kukanskis for lunch. Sometime right after lunch, in the presence of the plaintiff's husband, John Skucas said, "I give Mrs. Kukanskis a present. There is three books for you and you never had such a present in your life. Even your father never gave you a present like this." At the time when he handed and delivered the bankbooks to Meta Kukanskis he took them from his pocket and handed her each of the books separately. He first handed and delivered to her the Waterbury Savings Bank book number 73141, and Meta Kukanskis recited the word "thirty" and John Skucas said "thirty thousand dollars." The last entry in the Waterbury Savings Bank book, on October 4, 1967, was $30,765.48. John Skucas then handed and delivered to Meta Kukanskis a bankbook from the Society for Savings, number 16543407, and he expressed the words "seventeen" or "eighteen," and she then looked in the book and said "eighteen thousand dollars." The last entry in the Society for Savings Bank book, dated April 6, 1964, was in the total amount of $18,772.92. John Skucas then handed

and delivered to Meta Kukanskis the Colonial Bank and Trust Company Savings Account Statement holder account number 0771259. He knew that the Colonial Bank and Trust Company did not give a bankbook, but indicated that she was to get the money that was represented in that account. At the time John Skucas handed and delivered the bankbooks to Meta Kukanskis, he declared orally his present intention to pass title in the ownership of the savings deposits represented by said books by using the words "present" and "gift." When John Skucas gave and delivered the bankbooks to Meta Kukanskis he said they were for her. There was the distinct impression given by John Skucas to Meta Kukanskis that when he gave these books to her separately, she was immediately to have all the money represented by these books and the savings deposits. It was John Skucas' intent that the ownership of all the money on deposit represented by the books should be that of Meta Kukanskis, and he never made a claim after giving the books that they were his, up to and including the time of his death.

To constitute a valid gift inter vivos of personal property, there must be not only a delivery of possession of the property but also an intent on the part of the donor that title shall pass immediately. *Guinan's Appeal,* 70 Conn. 342, 347, 39 A. 482. In determining the intent, the time when the use or the enjoyment of the property comes to the other party is not conclusive of the issue. A gift may be valid even though the original owner's intent is to postpone the enjoyment of the property to a future date. *Halisey* v. *Howard,* 148 Conn. 466, 469, 172 A.2d 379. The question whether in delivering the bankbooks it was the intention of the claimed donor immediately to transfer title to the bank accounts

is one of fact for the determination of the trier. *Bachmann* v. *Reardon,* 138 Conn. 665, 667, 88 A.2d 391. From the time the bankbooks were given to the plaintiff in November, 1967, until his death on April 28, 1969, the deceased never asked for the return of the books even though he was a constant visitor and companion of the plaintiff and her husband.

Where, however, the donor maintains some control over the money given, it is some evidence of an intent not to pass title immediately. The burden of proving the essential elements of a valid gift rests upon the party claiming the gift. *Kriedel* v. *Krampitz,* 137 Conn. 532, 79 A.2d 181. In the case of the money on deposit in the Colonial Bank and Trust Company it appears that on two separate occasions, February 27, 1968, and April 1, 1969, moneys were withdrawn by the donor to pay his income tax. With respect to the other two accounts, the decedent caused no transactions after the day he delivered the bankbooks to the plaintiff. Consequently, the referee was justified in concluding that there was a valid gift of two bank accounts but not of the Colonial Bank and Trust account, because the decedent maintained control over the last account. Cf. *Perkins* v. *Corkey,* 147 Conn. 248, 253, 159 A.2d 166.

The defendant claims that there was a fatal variance in the judgment from the pleadings in that the plaintiff claimed that she received "a gift inter vivos"; that the decedent "*never* made a claim of dominion or ownership of said passbooks . . . ; that he showed an intention to divest himself of *all* dominion over said property . . . ; and that *no part* of the deposits or accrued interest has been

drawn and said deposits remain *as they were* when first delivered to the plaintiff." (Emphasis supplied by the defendant.) The complaint alleges that "1. In November, 1967, John Skucas . . . , now deceased, delivered to Plaintiff, Meta Kukanskis, three (3) bankbooks or passbooks, . . . [described in detail] which he intended to be hers absolutely and forever." A fair reading of the pleadings does not confirm the defendant's claim of prejudice because they do not necessarily imply that the decedent made a single unitary gift of the three bankbooks and that the gift of the bankbooks must stand or fall jointly. The defendant was apprised of the state of facts which the plaintiff intended to prove, namely, that she received three bankbooks as gifts. See Practice Book § 85; *Mazziotti* v. *DiMartino,* 103 Conn. 491, 496, 130 A. 844. The plaintiff met her burden of proof with respect to a gift of only two of them and recovered judgment for those two only, but not for the third bank account.

### III

The defendant claims that the trial court erred in refusing to admit testimony concerning the financial circumstances of the plaintiff. The court acted within its discretion because the evidence was not relevant to the issue of the decedent's intent to pass title to the plaintiff.

The defendant further assigns error to the admission of testimony of witnesses pertaining to statements made by the decedent purporting to show his intent to make the bankbooks a gift to the plaintiff. Testimony of declarations of a decedent introduced to show his state of mind is not excluded by the hearsay rule. *Babcock* v. *Johnson,* 127 Conn.

643, 644, 19 A.2d 416. Statements made by a decedent are admissible for the purpose of showing his intent to make a gift. *Klock* v. *Pierson,* 123 Conn. 465, 467, 196 A. 147; *Hammond* v. *Lummis,* 106 Conn. 276, 137 A. 767; *Meriden Savings Bank* v. *Wellington,* 64 Conn. 553, 30 A. 774. Evidence of declarations of a decedent is admissible to show delivery or the intent with which the delivery was made. *Guinan's Appeal,* supra, 348. Consequently, the evidence was admissible, independently from the authority conferred by General Statutes § 52-172. *Doolan* v. *Heiser,* 89 Conn. 321, 94 A. 354.

The defendant further complains that the trial court erred in restricting the cross-examination of the plaintiff relative to her tax returns. As a general rule, the extent of a cross-examination is much in the discretion of the judge, yet it should be liberally allowed. See *Papa* v. *Youngstrom,* 146 Conn. 37, 40, 147 A.2d 494; *Fahey* v. *Clark,* 125 Conn. 44, 46, 47, 3 A.2d 313. The cross-questioning must be relevant and its limitation is within the discretion of the court, especially if the subject is remote to the main issue. *Conley* v. *Board of Education,* 143 Conn. 488, 495, 123 A.2d 747; *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 675, 103 A.2d 535. Even had it been shown through cross-examination that the plaintiff maintained her association with the decedent merely for tax purposes, such a bare showing has no relevancy in discrediting her claim that the delivery of the bankbooks constituted gifts, absent proof that the decedent knew of this and considered the relationship to be primarily a business dealing. The court also sustained an objection raised when the defendant asked the plaintiff: "And if . . . [some money from the bank account in question] was withdrawn by John

Skucas, it would mean that he didn't make a gift to you; isn't that correct?" The question called for a conclusion of law and as such was not proper. *State* v. *McLaughlin,* 132 Conn. 325, 341, 44 A.2d 116; *Madison* v. *Guilford,* 85 Conn. 55, 65, 81 A. 1046; McCormick, Evidence (2d Ed.) 28. The defendant was not precluded by the court's rulings on evidence from proving any allegations which might have supported his contention that there was no valid gift.

The remaining assignments of error that have been briefed have been reviewed and found to have no merit.

There is no error.

In this opinion the other judges concurred.