[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
Plaintiffs move for summary judgment claiming there are no genuine issues of material fact regarding whether defendant fulfilled the requirements of an alleged inter vivos gift.
These are three previously consolidated cases with substantially the same facts. Each case is based on a suit by a child against the father for wrongful conversion of paintings that the plaintiffs allege were gifts given to them by their father. Beside alleging wrongful conversion in the first count, the complaints also allege in two additional counts CUTPA violations as a result of defendant father's representations of ownership and delivery of the paintings to a third-party art auction house, Christie, Manson Woods ("Christie's"). Plaintiff, Suzanne Jackson Cartier's complaint dated October 21, 1988, alleges wrongful conversion of a Renoir entitled "Passage Avec Point." Plaintiff Lionel S. Jackson, Jr.'s complaint, amended November 9, 1988, alleges wrongful conversion by his father of the Roualt painting entitled "The Three Disciples." Plaintiff Sheila Jackson Bates' complaint, dated December 9, 1988, alleges wrongful CT Page 949 conversion by her father of the Renoir painting entitled "Tete de jeune fille." Each of the plaintiffs in the consolidated cases now moves for summary judgment on all counts.
In the complaints, the plaintiffs allege that on Christmas Day, December 25, 1962, the defendant gave the paintings to the children as gifts evidence by a handwritten note to each child. In his answers in response to plaintiffs' request for admissions, the defendant has admitted writing these notes and has admitted that he gave the original notes to the children. All of the paintings were purchased prior December of 1962, and from the time of purchase until some time in 1987, these paintings hung in the home of the defendant and his wife in North Haven, Connecticut. In March, 1987, after the defendant filed for divorce and left the Jackson home, he physically removed the three paintings from the home and contacted Christie's to discuss consigning the paintings for sale. Christie's collected the paintings from the defendant's residence in New York and subsequently sold two of the three paintings in May of 1988. Christie's continues to maintain custody of the painting entitled "The Three Disciples."
Each of the plaintiffs in the consolidated cases filed motions for summary judgment dated October 17, 1990, along with a memorandum in support of the motion and exhibits including copies of the handwritten notes, the consignment agreement with Christie's and a letter from Christie's to defendant. The defendant has filed a memorandum dated October 29, 1990, in opposition to plaintiff's motion for summary judgment along with portions of a deposition of William DeMayo, the defendant's accountant; an income tax statement as evidence of capital gains tax paid by defendant on the proceeds from the sale of the paintings: a letter by Dr. Peter Stovell as evidence of defendant's severely disabled condition and excerpts from the request for admissions as evidence of plaintiffs' awareness of the consignment to Christie's months before the sale in May of 1988.
"A gift inter vivos is complete when there is an intention to give, accompanied by a delivery of the thing given and an acceptance by the donee." Hebrew University Ass'n v. Nye,26 Conn. Sup. 342, 344 (1966). There must be not only a delivery of possession of the property, but also an intent on the part of the donor that title shall pass immediately to constitute a valid inter vivos gift. Bergen v. Bergen, 177 Conn. 53, 57 (1979). "In determining the intent, the time when the use or the employment of the property comes to the other party is not conclusive of the issue. A gift may be valid even though the original owner's intent is to postpone the enjoyment of the property to a future date." Kukanskis v. Jasut, 169 Conn. 29, 34 (1975). CT Page 950
For an executed gift inter vivos of personal property, the donative intention need not be expressed, and the delivery need not be made in any particular form or mode. Hebrew University Ass'n v. Nye, 148 Conn. 223, 232 (1961). "For a constructive delivery, the donor must do that which under the circumstances, will in reason be equivalent to an actual delivery. It must be as nearly perfect and complete as the nature of the property and the circumstances will permit." Id. at 232-33. "The gift may be perfected when the donor places in the hands of the donee the means of obtaining possession of the contemplated gift, accompanied with acts and declarations clearly showing an intention to give and to divert himself of all dominion over the property." Hebrew University, supra. at 344-45. Where the donor maintains some control over the property given, it is some evidence of an intent not to pass title immediately. Kukanskis, supra. at 35. "The burden of proving the essential elements of a valid gift rests upon the party claiming the gift." Id.
The issue of intent is a question of fact. Bergen, supra. at 57. The intent of the donor is the determinative factor and what his intent was raises an issue of fact. Halisey v. Howard,148 Conn. 466, 468 (1961). Furthermore, where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings, summary judgment is particularly inappropriate. Batick v. Seymour, 186 Conn. 632,646-47 (1982).
In the plaintiffs' memoranda in support of the motion for summary judgment, the plaintiffs argue that the donative intent is unambiguously expressed in the writing of the notes and delivery of the notes constitutes constructive delivery of the paintings themselves. The plaintiffs contend that the New York case of Gruen v. Gruen, 104 A.2d 171 (1984), is on "all fours" with this case, where the Appellate Court reversed the trial court's finding that there was no gift and held that the plaintiff had sustained his burden of proving a valid inter vivos gift. In Gruen, the Appellate Court upon reviewing the evidences stated, "we find as a fact, that the donor's intention in writing these letters was to make a present gift of the painting to his son while reserving to himself a life estate." Id. at 176 (emphasis added).
While the language in the notes in question and the delivery of the gift notes are strong evidence of a present donative intent, evidence should be submitted to the trier of fact for determination of these issues. Furthermore, since the defendant retained some control over the property, there is a question of fact whether delivery of the notes themselves and not the paintings clearly evidences defendant's intent to pass title immediately to meet the standard of constructive delivery. CT Page 951
The defendant has also raised the special defense of laches. "Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant." Papcun v. Papcun, 181 Conn. 618, 620
(1980). Prejudice may occur where the defendant is led to change his position with respect to the matter in question. Id. at 620-21. In his memorandum in opposition to the motion for summary judgment, the defendant maintains that the plaintiffs' inexcusable delay has prejudiced the defendant because he is now totally disabled and needs the proceeds from the sale of the paintings for health maintenance. "A conclusion that a plaintiff has been guilty of laches is one of fact for the trier." Id. at 621. There are genuine issues of material fact to be determined by the trier.
Accordingly, the Motion for Summary Judgment in each case is denied.
STUART M. SCHIMELMAN, JUDGE