[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is an action for collection of a debt claimed due. The plaintiff is Martha M. Ciola, executrix of the Estate of Martha K. Ciola. The defendant is Edward M. Ciola, Jr. He is the son of the decedent and brother of the executrix. In the complaint, the plaintiff asserts that the decedent loaned the defendant $100,000.00 on July 25, 1990. Martha K. Ciola died on February 4, 1996. The complaint avers that on July 8, 1998 the estate made demand for the repayment of the note on the defendant and he failed and refused to pay. This lawsuit ensued. The defendant, who is pro se, filed an answer in which he averred that a substantial portion of the loan had been repaid and that the loan had been forgiven by his mother, the decedent. The defendant also filed a `counter complaint' that alleged malicious prosecution or vexatious litigation against the plaintiff. This was denied by the plaintiff and special defenses were filed which were ultimately denied by the defendant. At the trial of the complaint of this matter, the court declined to hear the `counter complaint' because such an action is not able to be asserted until and unless there has been a conclusion of this action on the merits as provided by law.
At trial, the plaintiff's case centered on exhibits that were bookkeeping records of the decedent. They showed financial activities of the decedent, often in exhaustive detail. Those records evidenced a loan CT Page 8733 to the defendant. They also showed the receipt by the plaintiff's decedent of a variety of funds from the defendant. The check in which $100,000 in a single payment went from the mother to the son was placed in evidence; it had "loan" marked in it; the check was dated July 25, 1990. The defendant acknowledged receipt of these funds. The plaintiff's claim for a balance on the check essentially is the $100,000 less all payments marked on the bookkeeping records as monies received by the decedent as `return of loan', regardless of what the source. The resulting balance being sought is in the range of $83,000.00.
The defendant, made many of his payments in cash to his mother. They are not reflected in the bookkeeping records. Reference to these cash payments is included in letters from his mother evidencing her possession of cash. That aside, the defendant has claimed that the debt, whatever its balance, was forgiven by his mother. The decedent wrote a letter to the defendant, sometime after her 75th birthday, in which she told him, "Ed, please don't give me anymore money. My needs are very minimal at this point in my life and my income, thanks to Dad's forethought and my pension and other perks from the telephone company, takes care of so much. Remember Medicare covers some of my medical bills and insurance from the telephone company covers a good 80% * (*of what Medicare doesn't cover) so I am out little. I don't know what I will do with what you have done so please let's not discuss and give me the pleasure of doing something once in a while. . . ." The decedent's birth date was September 10, 1918. Her 75th birthday was September 10, 1993.
On March 13, 1992, the plaintiff's decedent signed a document entitled "Martha K. Ciola Irrevocable Trust." In the document, the decedent Martha K. Ciola is called the "Donor." Clause 5 of the document contains provisions for the disposition of the trust funds after the death of the Donor. One of the provisions of this document states, at the conclusion of clause 5, "Notwithstanding the generality of the foregoing, any loans or other indebtedness owed to the Donor at the time of her death shall be forgiven and shall not be deducted from an equal share as set forth above." There was no subsequent document, signed by the decedent, revoking this extension of forgiveness, was placed in evidence.
The decedent had, inter vivos, lent money to other offspring, besides the plaintiff. She had lent money to her son Michael Ciola. He believes that he did not pay the debt off entirely; he believed he had paid about 40% to 50% of the loan. When he was visiting his mother, she told him not to write any more checks to her. He understood this to be a forgiveness of the debt. The conversation was held in the privacy of her bedroom, with no one else in the room. There was a monitor in the room; from that, the conversation was overheard by his sister Martha Ciola, the plaintiff representative. She heard her mother say to Michael Ciola, "you CT Page 8734 don't need to write me any more checks. This is done." The plaintiff representative, Martha Ciola was sure that her mother did not mean for her to hear this communication to Michael Ciola. Prior to overhearing that conversation, she was not aware her mother had lent money to Michael Ciola. Michael Ciola has not been sued by the plaintiff for repayment of the debt; no demand at all has been made to him for repayment.
Law and Discussion
The plaintiff has established that the defendant borrowed funds from the decedent in the amount of $100,000.00. The parties disagree as to how much was repaid on that debt. It is the plaintiff's burden of proof to establish the debt by a fair preponderance of the evidence. Whether the outstanding balance has been proven by the plaintiff need not be reached by the court, if the defendant prevails on his defense of forgiveness of the loan.
"When an estate is a party, the burden is on the person claiming the gift to prove the claim by clear and satisfactory proof. Kukanskis v. Jasut, 169 Conn. 29, 32, 362 A.2d 898 (1975). The question of whether a gift inter vivos or causa mortis has been made is within the exclusive province of the court. Id., 32-33; Bell v. Bloom, 146 Conn. 307, 311,150 A.2d 300 (1959); Hartford-Connecticut Trust Co. v. Slater,114 Conn. 603, 612, 159 A. 578 (1932). The determination of whether a gift has been made is not reviewable unless the conclusion of the court is one which cannot reasonably be made. Kriedel v. Krampitz, 137 Conn. 532,534, 79 A.2d 181 (1951). The credibility of the witnesses and the weight to be accorded to their testimony is for the trier of fact. Smith v. Smith, 183 Conn. 121, 123, 438 A.2d 842 (1981); Chazen v. New Britain,148 Conn. 349, 352, 170 A.2d 891 (1961)." Long v. Schull, 184 Conn. 252,255, 439 A.2d 975 (1981).
The statements of the decedent, in her correspondence to the defendant and in her irrevocable trust represent unrebutted, unambiguous intention by her to forgive the loan to the defendant. "Statements made by a decedent are admissible for the purpose of showing his intent to make a gift. Klock v. Pierson, 123 Conn. 465, 467, 196 A. 147; Hammond v. Lummis, 106 Conn. 276, 137 A. 767; Meriden Savings Bank v. Wellington,64 Conn. 553, 30 A. 774. Evidence of declarations of a decedent is admissible to show delivery or the intent with which the delivery was made. Guinan's Appeal, supra, 348." Kukanskis v. Jasut, 169 Conn. 29,37, 362 A.2d 898 (1975).
The court observed the demeanor of each of the witnesses and the demeanor of the parties throughout the trial. The plaintiff representative, the defendant, and their siblings Michael Ciola, Nancy CT Page 8735 Ciola Kent and Marianne Ciola testified in this trial. The tension, dislike and animosity between the plaintiff and the defendant were palpable throughout the trial. The plaintiff's testimony was straightforward and provided no serious opportunities to challenge her credibility; she, in large part, offered her mother's ledger sheets as proof of her position claiming the debt due from the defendant.
The testimony of the defendant was direct and delivered with candor, even where it was to his clear disadvantage to be wholly truthful. He acknowledged devious behavior in his discovery responses to the plaintiff which, in every instance, even when he was purposefully deceitful, the deceit was in the nature of withholding documents. On the witness stand, under oath, he acknowledged these shortcomings. The court finds that the defendant testified truthfully before the court.
The proof of forgiveness of indebtedness is conclusive. The decedent in a personal letter told the defendant not to send any more money. This communication is similar in nature to the oral communication to Michael to stop giving her checks. This is consistent behavior of the decedent. The decedent signed a writing forgiving the debt. The promissory note is in the possession of the defendant, in an envelope indicating a paid debt, from the decedent's bank. While it can only be inferred that this note is in the defendant's possession because it was returned to him by the decedent, there is no evidence to the contrary. That a balance remained on the decedent's ledgers does not in any way rebut her multiple acts showing intent to forgive the debt. The court finds that the defendant has proven by clear and satisfactory proof that the debt owed by the defendant to his mother was forgiven by his mother.
Discovery Issues
The plaintiff filed discovery requests during the trial which were only partially answered by the defendant. Many of the exhibits entered by the defendant at this trial were withheld from the plaintiff, by the defendant, until he commenced his testimony on the first day of trial, March 14, 2001. As a result, the court granted a continuance of the trial to provide the plaintiff the opportunity to examine these documents and depose the defendant in regard to them. The documents materially affected the case. The defendant acknowledged that he purposefully withheld them so that he was `forearmed' and the plaintiff not `forewarned.' The continuance was also extended over a full month to April 23, 2001. The court, at that time, reserved to the plaintiff the right to claim its costs and attorney fees that she claimed to be the result of the defendant's flagrant violation of the rules of discovery. At the outset, it must be said that the defendant's conduct was in direct contravention to the rules of discovery and a blatant attempt to violate the concept of CT Page 8736 full and open disclosure to the end of trial by ambush. That said, the context in which this occurred was a lawsuit by and between family members. These parties have been at battle ever since their mother died. The level of distrust be and between them is extraordinary. The court having observed all of the siblings, in the exercise of its discretion, declines to entertain the plaintiff's request for fees and costs incurred as a result of the defendant's noncompliance with discovery requests.
Judgment shall enter for the defendant on the complaint. The counterclaim, as stated on the record at the commencement of the trial, was dismissed at trial, for the reasons stated on the record at that time.
It is so ordered.
By the Court
Munro, J.